**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of Virginia _____
                                   (State)

Case number (*if known*): _____ Chapter 11

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Enviva Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | Enviva Partners, LP |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 6 – 4 0 9 7 7 3 0 |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business |
|---|---|---|---|
| 7272 Wisconsin Avenue | | | |
| Number    Street | | | Number    Street |
| Suite 1800 | | | |
| | | | P.O. Box |
| Bethesda | MD | 20814 | |
| City | State | ZIP Code | City    State    ZIP Code |
| | | | **Location of principal assets, if different from principal place of business** |
| Montgomery | | | |
| County | | | Number    Street |
| | | | |
| | | | City    State    ZIP Code |

**5. Debtor's website (URL)**  www.envivabiomass.com/

Debtor  __Enviva Inc._____    Case number *(if known)*_____
          Name

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

    _3_   _2_   _1_   _9_

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Enviva Inc.
          _____   Case number (if known) _____
          Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                           MM / DD / YYYY

         District _____  When _____  Case number _____
                                           MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor    See Rider 1 _____   Relationship _____

         District   Eastern District of Virginia _____   When _____
                                                                  MM / DD / YYYY

         Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No  See Rider 2

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** *(Check all that apply.)*

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____

   **Where is the property?** _____
                              Number        Street

                              _____

                              _____  _____
                              City                         State ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

■  **Statistical and administrative information**

---

| Debtor | Enviva Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/12/2024
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
MM  / DD / YYYY

✘ /s/ Glenn T. Nunziata                          Glenn T. Nunziata
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯         ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Signature of authorized representative of debtor      Printed name

Title    Interim Chief Executive Officer and Chief Financial Officer
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

| Debtor | Enviva Inc. | Case number (if known) |
|--------|-------------|------------------------|
|        | Name        |                        |

**18. Signature of attorney**    ✗ /s/ Jeremy S. Williams    Date    03/12/2024

Signature of attorney for debtor    MM / DD / YYYY

Jeremy S. Williams

Printed name

Kutak Rock LLP

Firm name

901 East Byrd Street, Suite 1000

Number        Street

Richmond                                    Virginia        23219-4071

City                                        State        ZIP Code

804.644.1700                                Jeremy.Williams@KutakRock.com

Contact phone                               Email address

77469                                       Virginia

Bar number                                  State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-37363         .

2. The following financial data is the latest available information and refers to the debtor's condition on  September 30, 2023 .

    a. Total assets          $ 2,893,581,000

    b. Total debts (including debts listed in 2.c., below)    $ 2,631,263,000

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | secured | unsecured | subordinated | | Amount | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured | ☑ | unsecured ☐ | subordinated ☐ | $ | 568,545,880 | Unknown |
| secured | ☑ | unsecured ☐ | subordinated ☐ | $ | 103,950,000 | Unknown |
| secured | ☐ | unsecured ☐ | subordinated ☑ | $ | 750,000,000 | Unknown |
| secured | ☐ | unsecured ☐ | subordinated ☑ | $ | 250,000,000 | Unknown |
| secured | ☐ | unsecured ☐ | subordinated ☑ | $ | 100,000,000 | Unknown |

    d. Number of shares of preferred stock      0

    e. Number of shares common stock      74,496,537

    Comments, if any: _____

The total assets and total debts in 2(a) and 2(b), respectively, are based on Enviva Inc.'s Form 10-Q filed on November 9, 2023. The debt amounts provided in 2(c) above reflect the approximate principal amounts outstanding as of the date hereof.

3. Brief description of debtor's business:

Enviva Inc. is a publicly traded Delaware corporation that develops, constructs, acquires, and owns and operates fully contracted wood pellet production plants to process wood fibers into densified, uniform pellets, which are primarily sold to customers through long-term, take-or-pay contracts with creditworthy customers in the United Kingdom, the European Union, and Japan.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Riverstone Echo Continuation Holdings, L.P.; Riverstone Echo PF Holdings, L.P.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Enviva Inc._____

United States Bankruptcy Court for the: ___Eastern_____ District of ___Virginia_____

Case number (if known): _____
                                    (State)

## Rider 1

### Pending Bankruptcy Cases Filed
### by the Debtor and Affiliates of the Debtor in the United States
### <u>Bankruptcy Court for the Eastern District of Virginia on the Date Hereof</u>

| |
|---|
| Enviva Aircraft Holdings Corp. |
| Enviva Development Finance Company, LLC |
| Enviva Energy Services, LLC |
| Enviva GP, LLC |
| Enviva Holdings GP, LLC |
| Enviva Holdings, LP |
| Enviva Inc. |
| Enviva Management Company, LLC |
| Enviva MLP International Holdings, LLC |
| Enviva Partners Finance Corp. |
| Enviva Pellets Bond, LLC |
| Enviva Pellets Epes Finance Company, LLC |
| Enviva Pellets Epes Holdings, LLC |
| Enviva Pellets Epes, LLC |
| Enviva Pellets Greenwood, LLC |
| Enviva Pellets Lucedale, LLC |
| Enviva Pellets Waycross, LLC |
| Enviva Pellets, LLC |
| Enviva Port of Pascagoula, LLC |
| Enviva Shipping Holdings, LLC |
| Enviva, LP |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Enviva Inc._____

United States Bankruptcy Court for the: ___Eastern_____   District of ___Virginia___
                                                                              (State)

Case number (*If known*): _____

## Rider 2

## <u>Real Property or Personal Property that Needs Immediate Attention</u>

Question 12, among other things, asks debtors to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor and its affiliated debtors and affiliated non-debtors (collectively, the "**_Company_**") engage in the production of utility-grade wood pellets. In connection with its operations, the Company owns and operates ten industrial-scale wood pellet production plants and owns or leases six deep-water marine terminals. The Company does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety. The Company notes that it is not aware of any definition of "imminent and identifiable" harm as used in this form.

**Fill in this information to identify the case and this filing:**

Debtor Name **Enviva Inc.**

United States Bankruptcy Court for the: **Eastern** _____ District of **Virginia** _____
                                                                                              (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration  Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/12/2024          ✖ /s/ Glenn T. Nunziata _____
                 MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                            Glenn T. Nunziata _____
                                            Printed name

                                            Interim Chief Executive Officer and Chief Financial Officer
                                            Position or relationship to debtor

## Secretary's Certificate

The undersigned, being the Secretary of Enviva Inc. and certain of its wholly owned subsidiaries (collectively, the "Companies"), does hereby certify, on behalf of the Companies and not in an individual capacity, as follows:

1. I am the duly qualified and appointed Secretary of each of the Companies and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each of the Companies.

2. Attached hereto as Annex A are true, correct, and complete copy of the resolutions of the Board of Directors of Enviva Inc. on March 12, 2024.

3. The above referenced resolutions have not been modified or rescinded, and are in full force and effects as of the date hereof.

*[Signature Page Follows]*

4895-0156-5869

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Companies as of the date first written above.

ENVIVA INC.

By: _____

Name: Jason E. Paral

Title:  Executive Vice President, General Counsel, and Secretary

*Signature Page to*
*Secretary's Certificate*

## <u>ANNEX A</u>

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
ENVIVA INC.**

## RESOLUTIONS OF
## THE BOARD OF DIRECTORS OF
## ENVIVA INC.

### March 12, 2024

**WHEREAS**, the members of the Board of Directors (the "***Board***") of Enviva Inc., a Delaware corporation (the "***Company***") have studied the financial state of the Company and the Subsidiaries (as defined below), including the Company and the Subsidiaries' liabilities and liquidity and the short-term and long-term prospects available to the Company and the Subsidiaries, and have considered the strategic alternatives available to the Company and the Subsidiaries and the related circumstances and situation;

**WHEREAS**, the Board, on behalf of the Company in its individual capacity and in its capacity as (i) the sole member of Enviva Holdings GP, LLC, a Delaware limited liability company, in its individual capacity and in its capacity as the general partner of Enviva Holdings, LP, a Delaware limited partnership, in its individual capacity and in its capacity as (a) the sole member of Enviva Shipping Holdings, LLC, a Delaware limited liability company and (b) the sole member of Enviva Management Company, LLC, a Delaware limited liability company, and (ii) the sole member of Enviva GP, LLC, a Delaware limited liability company, in its individual capacity and in its capacity as the general partner of Enviva, LP, a Delaware limited partnership, in its individual capacity and in its capacity as (a) the sole manager of Enviva Energy Services, LLC, a Delaware limited liability company, (b) the sole member of Enviva Port of Pascagoula, LLC, a Delaware limited liability company, (c) the sole member of Enviva Pellets Waycross, LLC, a Delaware limited liability company, (d) the sole member of Enviva Pellets Lucedale, LLC, a Delaware limited liability company, (e) the sole member of Enviva Pellets, LLC, a Delaware limited liability company, in its individual capacity and in its capacity as (1) the sole member of Enviva Pellets Epes Holdings, LLC, a Delaware limited liability company, in its individual capacity and in its capacity as the sole member of Enviva Pellets Epes, LLC, a Delaware limited liability company, (2) the sole member of Enviva Pellets Bond, LLC, a Delaware limited liability company, and (3) the sole member of Enviva Pellets Greenwood, LLC, a Delaware limited liability company, (f) the sole member of Enviva Development Finance Company, LLC, a Delaware limited liability company, and (g) the sole manager of Enviva MLP International Holdings, LLC, a Delaware limited liability company (collectively, the "***Applicable Subsidiaries***" and such capacities, collectively, the "***Applicable Capacities***"), desires to adopt the resolutions hereinafter set forth as the action of the Board in all Applicable Capacities;

**WHEREAS**, the Board desires to recommend to the Board of Directors, manager(s), or other applicable governing body of certain other direct and indirect subsidiaries of the Company (collectively, the "***Other Subsidiaries***" and, together with the Applicable Subsidiaries, the "***Subsidiaries***") that such Board of Directors, manager(s), or other governing body, as applicable, adopt resolutions in substantially the form adopted herein;

**WHEREAS**, (i) the Board desires for the Company and the Applicable Subsidiaries to file or cause to be filed with a federal bankruptcy court voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code (as defined below), and (ii) the Board of Directors, manager(s), or other applicable governing body of the Other Subsidiaries desire for the Other Subsidiaries to

file or cause to be filed with a federal bankruptcy court voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code with the Company and the Applicable Subsidiaries;

**WHEREAS**, on March 12, 2024, the Company and the Subsidiaries (collectively, the "***Debtors***") entered into (i) a Restructuring Support Agreement with (a) holders representing approximately 95% of the aggregate outstanding principal amount of the senior notes issued pursuant to that certain *Indenture*, dated as of December 9, 2019 (as amended, restated, modified, supplemented, or replaced from time to time), for the 6.5% Senior Notes due 2026, (b) holders representing approximately 72% of the aggregate outstanding principal amount of the debt issued under that certain *Amended and Restated Credit Agreement*, dated as of October 18, 2018 (as amended, restated, modified, supplemented, or replaced from time to time), (c) holders representing approximately 78% of the aggregate outstanding principal amount of the Exempt Facilities Revenue Bonds (Enviva Inc. Project), Series 2022 (Green Bonds) issued by the Industrial Development Authority of Sumter County pursuant to that certain *Indenture of Trust*, dated as of July 1, 2022, and (d) holders representing approximately 45% of the aggregate outstanding principal amount of the Exempt Facilities Revenue Bonds, (Enviva Inc. Project), Series 2022 (Green Bonds) (the "***Bond Green Bonds***") issued by Mississippi Business Finance Corporation (the "***Bond Green Bonds Issuer***") pursuant to that certain *Indenture of Trust*, dated as of November 1, 2022 (the "***Bond Green Bonds Indenture***") (such Restructuring Support Agreement, collectively with the other ancillary documentation attached thereto, the "***Ad Hoc Group RSA***"), and the series of transactions contemplated thereby (the "***Ad Hoc Group Restructuring Transactions***"), and (ii) a Restructuring Support Agreement with (a) holders representing approximately 92% of the aggregate outstanding principal amount of the Bond Green Bonds issued by the Bond Green Bonds Issuer pursuant to the Bond Green Bonds Indenture, and (b) Wilmington Trust, N.A., as trustee under the Bond Green Bonds Indenture (such Restructuring Support Agreement, collectively with the other ancillary documentation attached thereto, and together with the Ad Hoc Group RSA, the "***RSAs***"), and the series of transactions contemplated thereby (together with the Ad Hoc Group Restructuring Transactions, the "***Restructuring Transactions***");

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Company and the Subsidiaries and fully consider a variety of strategic alternatives available to the Debtors;

**WHEREAS**, the Board has unanimously determined that it is fair and reasonable to, and in the best interests of, the Company, the Applicable Subsidiaries, and their stakeholders, for the Company and the Applicable Subsidiaries to file with a federal bankruptcy court voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

**WHEREAS**, the Transaction Committee of the Board has recommended that the Board (i) approve the Company's and the Applicable Subsidiaries' entry into that certain *Debtor-in-Possession Credit and Note Purchase Agreement* (the "***DIP Agreement***"), among the Company, the DIP Creditors (as defined in the DIP Agreement) party thereto, Seaport Loan Products LLC, as the Co-Administrative Agent, Acquiom Agency Services LLC, as the Co-Administrative Agent and the Collateral Agent, and the other Credit Documents (as defined below), pursuant to which and subject to the terms thereof the DIP Creditors will agree to provide a debtor-in-possession credit facility in an aggregate principal amount of up to $500,000,000; and (ii) recommend to the board

2

of directors, manager, or other applicable governing body of the Other Subsidiaries that such Other Subsidiaries enter into the DIP Agreement;

WHEREAS, the Board desires that the Company and the Subsidiaries (collectively with the Company in such capacities, the "*Credit Parties*") enter into the DIP Agreement;

WHEREAS, the Board desires that the Company and the other relevant Credit Parties take or cause to be taken the following actions in connection with the DIP Agreement and in satisfaction of certain conditions precedent to the effectiveness of the DIP Agreement:

(i)     the Company, together with the other Credit Parties thereto, will execute and deliver the DIP Agreement and the other Transaction Documents (as defined below); and

(ii)    the Company may deem it necessary to enter into certain other security agreements, cash management agreements, mortgages, fee letters, commitment letters, deeds of trust, pledge agreements, guarantees, grants, deeds, consents and agreements, subordination agreements, intercreditor agreements, account control agreements, depositary agreements, letter agreements, and other agreements, amendments, modifications, instruments, or certificates (the "*Security Documents*" and, together with the DIP Agreement, the "*Credit Documents*"), pursuant to which such Credit Parties will, among other things and as applicable, (a) grant guaranty obligations and security interests pursuant to any Security Documents, (b) grant a security interest in all of its assets to secure all obligations of the Company and each other Credit Party in respect of the Credit Documents, (c) pledge, assign, and transfer to the Collateral Agent, for the benefit of the DIP Creditors, a continuing security interest in all of its right, title, and interest in certain pledged interests and other collateral, and (d) guarantee the punctual payment and performance when due of all the obligations of the Company and each other Credit Party in respect of the Credit Documents;

WHEREAS, in connection with the consummation of the transactions contemplated by the Credit Documents (the "*Transactions*"), certain of the Credit Parties may be required or may deem it necessary or appropriate to execute, enter into, deliver, and perform, acknowledge, and consent to or cancel and reissue promissory notes, commitment letters, fee letters, services agreements, escrow agreements, other annexes, affidavits, certifications, requests, financing statements, notices, additional amendments, replacements, confirmations, instruction letters, instruments, agreements, stock certificates, certificates of membership interest, certificates of partnership interest, or other documents (such documents, together with the Credit Documents, the "*Transaction Documents*"), or to take such other actions as may be necessary or appropriate to consummate the Transactions and perform or otherwise give effect to the Transaction Documents ("*Related Actions*");

WHEREAS, the Board desires that each Credit Party enter into each of the Transaction Documents to which such Credit Party is a party, which shall include, as applicable, incurring and guaranteeing the indebtedness and granting the security interests, liens, and encumbrances related to or contemplated by any of the Transaction Documents and performing any Related Actions;

**WHEREAS**, the Company, the Applicable Subsidiaries, and their affiliates will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"); and

**WHEREAS**, after review of (i) the financial condition of the Company and the Applicable Subsidiaries, the current and reasonably foreseeable future conditions in the Company's industry, the outlook for the Company's business and the other alternatives available to the Company and the Applicable Subsidiaries, (ii) the availability of the credit facility under the DIP Agreement and consensual use of the Cash Collateral, and (iii) such other considerations as the Board deems relevant, the Board, following consultation with the financial and legal advisors of the Company, has determined that it is advisable and in the best interests of the Company to enter into the DIP Agreement and pursue the restructuring of the Debtors under the Bankruptcy Code as approved in these resolutions.

### *Chapter 11 Filing*

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined that it is desirable and in the best interests of the Company and the Applicable Subsidiaries to file with a federal bankruptcy court (the "***Bankruptcy Court***") voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code as set forth below (collectively, the "***Petitions***");

**FURTHER RESOLVED**, that each (i) officer of the Company (each, an "***Authorized Officer***") and (ii) member, manager, director, officer, or authorized person of the Company or any of its current or future, direct or indirect subsidiaries, including the Applicable Subsidiaries (such persons and the Authorized Officers, collectively, the "***Authorized Persons***"), acting alone or with one or more other Authorized Person, are hereby authorized to execute, deliver, and file or cause to be filed with the Bankruptcy Court on behalf of the Company and the Applicable Subsidiaries, the Petitions, in such form as prescribed by the Official Forms promulgated in connection with and as defined in the Bankruptcy Code, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Person shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Person's execution or delivery thereof;

**FURTHER RESOLVED**, that, upon the filing of the Petitions as authorized by the preceding paragraph, each Authorized Person, acting alone or with one or more other Authorized Persons, is hereby authorized to execute, deliver, and file or cause to be filed with the Bankruptcy Court, on behalf of the Company and the Applicable Subsidiaries, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 cases and all of their matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement of the Chapter 11 cases, each in such form or forms as the Authorized Person may approve, including (i) any and all documents necessary to effectuate the Restructuring Transactions, (ii) any sales and marketing process of the assets of the Company and the Applicable Subsidiaries, and (iii) a plan of reorganization providing for the restructuring, reorganization, or liquidation of the Company and the other Debtors and a Disclosure Statement related thereto, together with any amendments or modifications thereto, or any restatements thereof;

4

*__Debtor-in-Possession Financing, Cash Collateral and Adequate Protection__*

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Person to take such actions and negotiate or cause to be prepared and negotiated and to execute, file and deliver the Transaction Documents, with such changes, additions, and modifications thereto as any Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution or delivery thereof, cause the Company and the Applicable Subsidiaries to perform their obligations under the Transaction Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 cases;

**FURTHER RESOLVED**, that the terms and provisions of, and the execution, delivery, and performance of, the Transaction Documents and Related Actions, including, as applicable, the incurrence, repayment, and re-incurrence of indebtedness under the DIP Agreement, the making of guarantees, the granting of security interests, liens, and encumbrances related thereto or contemplated thereby, and the reaffirmation of the existing guarantee and security interests granted, hereby are approved, adopted, ratified, and confirmed in all respects;

**FURTHER RESOLVED**, that, to the extent not previously granted pursuant to the Security Documents, any Credit Party may grant (a) to the Co-Administrative Agents on behalf of the DIP Creditors, (b) to the Collateral Agent on behalf of the DIP Creditors, or (c) to any other entity to which, or for whose benefit, liens are to be granted under any Transaction Document, including under any further assurances provisions thereof, such liens or other encumbrances upon such assets of such Credit Party as such Credit Party deems necessary under any Transaction Document or any amendment or restructuring thereof or as may be agreed upon between any Authorized Person of such Credit Party and any of the foregoing entities identified in clauses (a), (b), or (c), as security for any and all indebtedness, obligations, and liabilities of such Credit Party under the Transaction Documents, or any other indebtedness, obligations, and liabilities of such Credit Party;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Person to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Agreement or any of the other Transaction Documents, and to execute and file on behalf of the Company and the Applicable Subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, which shall in his or her sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by such Authorized Person's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Board hereby authorizes the Company to provide certain adequate protection to the DIP Creditors and any other person that may be entitled to adequate protection (the "***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***," and together with the Interim DIP Order, the "***DIP Orders***") described to the Board and submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that the Board hereby approves the form, terms, and provisions

4870-5115-2534

of the DIP Orders to which the Company is or will be subject, and the actions and transactions contemplated thereby and authorizes and empowers each Authorized Person to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the Transaction Documents (together with the DIP Orders, collectively, the "**DIP Documents**"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Board, with such changes, additions, and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution or delivery thereof;

**FURTHER RESOLVED**, that the Board hereby authorizes the Company and the Applicable Subsidiaries, each as a debtor and debtor-in-possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "*Adequate Protection Transactions*");

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Person to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "*Adequate Protection Documents*"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Creditors; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that the Board hereby authorizes and empowers each Authorized Person to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company and the Applicable Subsidiaries in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, appropriate, or advisable to perform any of the Company's obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these resolutions;

## _Retention of Professionals_

**FURTHER RESOLVED**, that the engagement of Vinson & Elkins L.L.P. ("*V&E*") as general bankruptcy counsel to represent and assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code in Bankruptcy Court, and to take any and all actions to advance the Company and the Subsidiaries' rights and obligations, including filings and pleadings, is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby

authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the engagement of Kutak Rock LLP ("***Kutak Rock***") as local counsel to advise the Company and the Subsidiaries in connection with the contemplated Chapter 11 filing is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kutak Rock;

**FURTHER RESOLVED**, that the engagement of Lazard Frères & Co., LLC ("***Lazard***") as investment banker to represent and assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code in Bankruptcy Court, and to take any and all actions to advance the Company and the Subsidiaries' rights and obligations, is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Lazard;

**FURTHER RESOLVED**, that the engagement of Alvarez & Marsal Holdings, LLC ("***A&M***") as financial advisor to represent and assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code in Bankruptcy Court, and to take any and all actions to advance the Company and the Subsidiaries' rights and obligations, is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of A&M;

4870-5115-2534

**FURTHER RESOLVED**, that the engagement of Kurtzman Carson Consultants LLC ("***KCC***") as notice and claims agent to represent and assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code in Bankruptcy Court, and to take any and all actions to advance the Company and the Subsidiaries' rights and obligations, is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of KCC;

**FURTHER RESOLVED**, that the engagement of KCC to provide certain services pursuant to the Fund Services Agreement, dated March 9, 2024, by and between the Company and KCC, in connection with the syndication of the debtor-in-possession credit facility is hereby approved, and each of the Authorized Persons is hereby authorized and directed to take such actions as may be required to so engage such firm for such purposes; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of KCC;

**FURTHER RESOLVED**, that each of the Authorized Persons is hereby authorized and directed to employ any other professionals (including accountants) to assist the Company and the Subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

## *General*

**FURTHER RESOLVED**, that each of the Authorized Persons is hereby authorized, on behalf of the Company and the Applicable Subsidiaries, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

**FURTHER RESOLVED**, that all actions heretofore taken by any officer, employee, or representative of the Company and the Applicable Subsidiaries in their name or for their account in connection with any of the above matters are hereby in all respects ratified, confirmed, and approved.

*[The remainder of this page is intentionally blank.]*

4870-5115-2534

Debtor name: Enviva, Inc. and its Debtor affiliates
United States Bankruptcy Court for the: Eastern District of Virginia
Case number (If known): _____

☐ Check if this is an
amended filing

**Official Form 204**

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, NA 3951 Westerre Parkway Ste. 300 Richmond, VA 23233 United States | Attn: Joy Holloway Title: Vice President Phone: 804-754-4809 Email: jholloway@wilmingtontrust.com | 2026 Senior Unsecured Notes | | | | $ 780,875,000.00 |
| 2 | RWE Supply & Trading GmbH Altenessener Strasse 27 Essen, 45141 Germany | Attn: Peter Krembel Title: Chief Commercial Officer Phone: 212-815-2367 Email: peter.krembel@rwe.com | Contract Claim | | | | $ 348,650,000.00 |
| 3 | The Industrial Development Authority of Sumter County 105 Hospital Drive Livingston, AL 35470 United States  Wilmington Trust, NA 3951 Westerre Parkway Ste. 300 Richmond, VA 2322 United States | Attn: Eddie Hardaway, Jr. Title: Chairman Phone: 205-652-9303 Email: sumtercounty@bellsouth.net  Attn: Joy Holloway Title: Vice President Phone: 804-754-4809 Email: jholloway@wilmingtontrust.com | Epes Tax-Exempt Green Bond | | | | $ 252,000,000.00 |
| 4 | The Mississippi Business Finance Corporation 735 Riverside Drive Suite 300 Jackson, MS 39202 United States  Wilmington Trust, NA 3951 Westerre Parkway Ste. 300 Richmond, VA 2322 United States | Attn: Larry W. Mobley, EDFP Title: Executive Director and Treasurer Phone: 601-355-3888 Email: lmobley@mbfc.cc  Attn: Joy Holloway Title: Vice President Phone: 804-754-4809 Email: jholloway@wilmingtontrust.com | Bond Tax-Exempt Green Bond | | | | $ 101,033,333.33 |
| 5 | Volta LLC 1616 Gears Rd Houston, TX 77067 United States | Attn: Ian Wang Title: Chief Financial Officer Email: ian_wang@w-industries.com | Trade-Payable | | | | $ 4,144,790.50 |
| 6 | CAL Investments LLC 205 Martin Luther Jr. King Dr. Amory, MS 38821 United States | Attn: Janet M. Callahan Title: Director Phone: 413-374-8062 Email: jmc@calpllc.com | Note-Payable | Contingent | | | $ 3,630,000.00 |
| 7 | Teal Sales Inc 20818 44th Ave W #201 Lynnwood, WA 98036 United States | Attn: Andrew Johnson Title: Vice President Phone: 425-205-0517 Email: ajohnson@tsi-inc.net | Trade-Payable | | | | $ 2,613,717.54 |
| 8 | Dominion Virginia / North Carolina Power 120 Tredegar Street Richmond, VA 23219-4306 United States | Attn: Ed Baine Title: President Phone: 804-819-2094 Email: ed.baine@dominionenergy.com | Trade-Payable | | | | $ 2,356,846.33 |

Debtor name: Enviva, Inc. and its Debtor affiliates

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Daiichi Chuo Kisen Kaisha Mita Kokusai Building 25F 4-28, Mita 1-Chome Minato-Ku Tokyo,  108-0073 Japan | Attn: Toshihiro Miyazaki Title: General Manager Phone: 81-3-6436-7218 Email: dcchartering@mail.firstship.co.jp | Trade-Payable | | | | $    2,252,004.01 |
| 10 | McAbee Construction Inc 5724 21st Street Tuscaloosa, AL 35401 United States | Attn: Leah Sexton Title: Vice President Email: lsexton@mcabeeconstruction.com | Trade-Payable | | | | $    1,831,158.01 |
| 11 | Dustex LLC dba LDX Solutions 60 Chastain Center Blvd Kennesaw, GA 30144 United States | Attn: Scott Brown Title: Chief Financial Officer Phone: 770-429-5575 Email: sbrown@dustex.com | Trade-Payable | | | | $    1,829,607.37 |
| 12 | Spitzer Industries Inc 20445 State Highway 249 Suite 275 Houston, TX 77070 United States | Attn: Cullen Spitzer Title: Chief Executive Officer Phone: 281-536-5135 Email: cullen@spitzerind.com | Trade-Payable | | | | $    1,822,163.62 |
| 13 | Bruks Siwertell Inc 5975 Shiloh Rd Suite 109 Alpharetta, GA 20005 United States | Attn: Chris Waller Title: Chief Operating Officer Email: chris.waller@bruks.com | Trade-Payable | | | | $    1,610,788.81 |
| 14 | Ezzell Trucking Inc 11535 Taylors Bridge Hwy Harrells, NC 28444 United States | Attn: Grover Ezzell Title: Chief Operating Officer Phone: 910-532-4101 Email: gezzell@ezzelltrucking.com | Trade-Payable | | | | $    1,565,036.86 |
| 15 | Cajun Industries LLC 15635 Airline Hwy Baton Rouge, LA 70817 United States | Attn: Scott Callaway Title: Senior Vice President Phone: 225-753-5857 Email: scott.callaway@cajunusa.com | Trade-Payable | | | | $    1,511,316.31 |
| 16 | TIC The Industrial Company 12510 East Belford Ave Englewood, CO 80112 United States | Attn: Michael Brueggemann Title: President Phone: 303-325-9500 Email: michael.brueggemann@ticus.com | Trade-Payable | | | | $    1,210,374.00 |
| 17 | Norden 52, Strandvejen Copenhagen,  DK-2900 Denmark | Attn: Christian Vinther Christensen Title: Chief Operating Officer Phone: 45-3342-0566 Email: cvc@norden.com | Trade-Payable | | | | $    1,076,383.31 |
| 18 | PCL Shipping PTE LTD NO 1 Kim Seng Promenade Great World City #07-02 Singapore,  237994 Singapore | Attn: Weng Hor Title: Chief Executive Officer Email: weng.hor@kuokgroup.com.sg | Trade-Payable | | | | $      965,262.20 |

Debtor name: Enviva, Inc. and its Debtor affiliates

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 Amandus Kahl GmbH & Co KG<br>Dieselstraße 5 - 9<br>Reinbek, 21465 Germany | Attn: Mike Curci<br>Title: President<br>Email: curci@amanduskahlusa.com | Trade-Payable | | | | $    800,790.49 |
| 20 West Florida Electric<br>5282 Peanut Road<br>Graceville, FL 32440 United States | Attn: Shawn Walling<br>Title: Chief Executive Officer<br>Phone: 479-651-0472<br>Email: swalling@westflorida.coop | Trade-Payable | | | | $    699,281.49 |
| 21 Oak Ridge Industries LLC<br>1228 Page Rd.<br>Washington, NC 27889 United States | Attn: Susana Asby<br>Title: Chief Financial Officer<br>Phone: 252-833-2061<br>Email: susanasby@oakridgemw.com | Trade-Payable | | | | $    634,312.43 |
| 22 Andritz Inc<br>Stattegger Strasse 18<br>Graz, 8045 Austria | Attn: Christopher Keays<br>Title: Chief Financial Officer<br>Phone: 817-465-5611<br>Email: christopher.keays@andritz.com | Trade-Payable | | | | $    449,352.33 |
| 23 Rockwell Automation Inc<br>1201 S. 2nd Street<br>Milwaukee, WI 53204 United States | Attn: Scott Genereux<br>Title: Chief Revenue Officer<br>Phone: 818-244-0807<br>Email: scott.genereux@rockwellautomation.com | Trade-Payable | | | | $    432,106.32 |
| 24 Motion Industries Inc<br>1605 Alton Road<br>Birmingham, AL 35210 United States | Attn: Randy Breaux<br>Title: Chief Executive Officer<br>Phone: 205-251-3231<br>Email: randy.breaux@motionindustries.com | Trade-Payable | | | | $    393,812.51 |
| 25 Underwood Fire Equipment Inc<br>48216 Frank St<br>Wixom, MI 48393 United States | Attn: Damon Pietraz<br>Title: President<br>Email: damon@underwoodfire.com | Trade-Payable | | | | $    381,840.00 |
| 26 Duragrind Inc<br>2910 W. Le Fevre Rd<br>Sterling, IL 61081 United States | Attn: Jason Rangel<br>Title: Chief Operating Officer<br>Email: jason.rangel@duragrind.com | Trade-Payable | | | | $    354,044.48 |
| 27 Conveyor Engineering & Manufacturing<br>1345 76th Ave SW<br>Cedar Rapids, IA 52404 United States | Attn: Graig Cone<br>Title: Owner<br>Phone: 319-396-7841<br>Email: gcone@conveyoreng.com | Trade-Payable | | | | $    347,811.80 |
| 28 Electrical Equipment Company<br>1440 Diggs Drive<br>Raleigh, NC 27603-2755 United States | Attn: Mark Holmes<br>Title: Chief Executive Officer<br>Email: mark.holmes@eeco-net.com | Trade-Payable | | | | $    332,079.01 |
| 29 Dorssers Inc<br>3350 Hwy 412<br>West Siloam Springs, OK 74338 United States | Attn: Peter Timmermans<br>Title: President<br>Phone: 519-676-8113<br>Email: peter@dorssers.com | Trade-Payable | | | | $    323,533.00 |

Debtor name: Enviva, Inc. and its Debtor affiliates

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30  Drax Power Limited<br>Drax Power Station<br>Selby,  YO8 8PH United Kingdom | Attn: Will Gardiner<br>Title: Chief Executive Officer<br>Phone: 972-238-2300<br>Email: will.gardiner@drax.com | Litigation | Contingent, Unliquidated, Disputed | | | UNDETERMINED |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVIVA INC. | ) | Case No. 24 – [_____] (__) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT (RULES 1007(a)(1) AND 7007.1)**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Type/Class of Interest | Percentage of Equity Held |
|---|---|---|---|
| Riverstone Echo Continuation Holdings, L.P. | Riverstone Holdings LLC 712 Fifth Avenue, 36th Floor New York, NY 10019 | Common | 21.03% |
| Riverstone Echo PF Holdings, L.P. | Riverstone Holdings LLC 712 Fifth Avenue, 36th Floor New York, NY 10019 | Common | 18.59% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVIVA INC. | ) | Case No. 24 – [_____] (__) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))[1]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Type/Class of Interest | Percentage of Equity Held |
|---|---|---|---|
| Riverstone Echo Continuation Holdings, L.P. | Riverstone Holdings LLC 712 Fifth Avenue, 36th Floor New York, NY 10019 | Common | 21.03% |
| Riverstone Echo PF Holdings, L.P. | Riverstone Holdings LLC 712 Fifth Avenue, 36th Floor New York, NY 10019 | Common | 18.59% |

---

[1]  This list reflects holders of 5% or more of Enviva Inc.'s common stock, based on the most up to date information available to the Company.  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. By the Debtors' *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors, (B) File a Consolidated List of 50 Largest Unsecured Creditors, and (C) Redact Certain Personal Identification Information; (II) Modifying the Requirement to File a List of Equity Security Holders; (III) Approving the Form and Manner of the Notice of Commencement; and (IV) Granting Related Relief*, filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders, and instead only list holders of 5% or more.  All equity positions indicate the record holder of such equity as of the date of commencement of this chapter 11 case.