David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone: (212) 237-0000
Facsimile: (212) 237-0100

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENVIVA INC., *et al.*, | ) | Case No. 24-10453 (BFK) |
| Debtors.[1] | ) | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR
ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE
A CONSOLIDATED CREDITOR MATRIX, (B) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
AND (C) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION,
(II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS OF ENVIVA INC., (III) APPROVING THE FORM AND MANNER
OF NOTICE OF COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), file this *Motion of Debtors for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated*

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/enviva. The location of the Debtors' corporate headquarters is: 7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

*Creditor Matrix, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, and (C) Redact Certain Personal Identification Information, (II) Waiving the Requirement to File a List of Equity Security Holders of Enviva Inc., (III) Approving the Form and Manner of Notice of Commencement, and (IV) Granting Related Relief* (the "***Motion***") and in support respectfully submit the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), Bankruptcy Rule 9006(b), and rules 1015-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "***Local Rules***").

**BACKGROUND**

4. Enviva Inc. ("***Enviva***") and its Debtor and non-Debtor subsidiaries (collectively, the "***Company***") are the world's largest producer of industrial wood pellets, a renewable and

sustainable energy source produced by aggregating a natural resource—wood fiber—and processing it into a transportable form. The Company owns and operates ten industrial-scale wood pellet production plants located in Virginia, North Carolina, South Carolina, Georgia, Florida, and Mississippi. The Company exports its wood pellets through owned and leased deep-water marine terminals to customers in the United Kingdom, the European Union, and Japan who purchase the wood pellets through long-term, take-or-pay offtake contracts with the Company.

5. On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). As of the Petition Date, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6. Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Glenn Nunziata in Support of Chapter 11 Petitions* (the "***Nunziata Declaration***") and the *Declaration of Mark Rajcevich in Support of Chapter 11 Petitions and First-Day Motions* (the "***Rajcevich Declaration***," and together with the Nunziata Declaration, the "***First Day Declarations***"), filed contemporaneously herewith and incorporated herein by reference.[2]

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning set forth in the First Day Declarations.

7. As set forth in the Nunziata Declaration, on March 12, 2024, the Debtors entered into that certain *Restructuring Support Agreement* with the ad hoc group of creditors (the "***Ad Hoc Group***") party thereto, which represent approximately (a) 72% of the aggregate outstanding principal amount of loans arising under the Senior Secured Credit Facility (including both term loans and revolving credit loans), (b) 95% of the aggregate outstanding principal amount of the 2026 Notes, (c) 78% of the aggregate outstanding principal amount of the Epes Green Bonds, and (d) 45% of the aggregate outstanding principal amount of Bond Green Bonds. As further set forth in the Nunziata Declaration, on March 12, 2024, the Debtors entered into that certain *Restructuring Support Agreement* with creditors holding approximately 92% of the aggregate outstanding principal amount of the Bond Green Bonds.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) file a consolidated creditor matrix in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personal identification information; (ii) waiving the requirement to file a list of, and provide notice directly to, the equity security holders of Enviva; (iii) approving the form and manner of the Notice of Commencement (as defined below); and (iv) granting related relief.

## BASIS FOR RELIEF REQUESTED

### A. Cause Exists to Authorize the Debtors to File a Consolidated Creditor Matrix in Lieu of Filing a Separate Mailing Matrix for Each Debtor and Serve the Notice of Commencement on the Creditor Matrix.

9. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(H)(1) require a debtor to file a list containing the name and address of each creditor.

Specifically, Local Rule 1007-1(H)(1) further states that debtors must submit this list of creditors either on a flash drive in the format specified by the Office of the Clerk of the Court (the "***Clerk***") or via the Electronic Case Files ("***CM/ECF***") system. Exhibit 5 to the Local Rules ("***Exhibit 5***") specifies the format in which debtors must submit mailing matrices.

10. Bankruptcy Rule 2002 provides the general rule for providing notice of commencement of a chapter 11 case. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under [sections] 341 or § 1104(b) of the [Bankruptcy] Code . . . ." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) further provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

11. The Debtors have identified thousands of entities and individuals to which notice of certain proceedings in these chapter 11 cases must be provided. The Debtors anticipate that such notices will comprise, without limitation, notice of the filing of the Debtors' voluntary petitions under chapter 11 of the Bankruptcy Code and the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code, substantially in the form attached hereto as **<u>Annex A</u>** (together, the "***Notice of Commencement***").

12. There are thousands of creditors and parties in interest in these chapter 11 cases. The Debtors maintain lists of the names and addresses of all such entities on various computer software programs that permit the Debtors, or a third-party service provider on the Debtors' behalf, to print mailing labels for each such entity. Additionally, the Debtors have sought to retain Kurtzman Carson Consultants, LLC ("***KCC***") as the Debtors' claims and noticing agent in these

chapter 11 cases.[3] Because the Debtors and KCC will relieve the Clerk of the burden of sending notices to the Debtors' numerous creditors and parties in interest, the Debtors submit that the Clerk does not need the information provided in a mailing matrix formatted in accordance with Local Rule 1007-1(H)(1) and Exhibit 5.

13. Compiling the information in the format required by Local Rule 1007-1(H)(1) and Exhibit 5 would create an unnecessary administrative burden for the Debtors' estates. As a result, the Debtors request authority to submit a consolidated list of creditors in lieu of the mailing matrices.

14. Courts in this district have regularly granted relief similar to the relief requested herein. *See, e.g.*, *In re Nordic Aviation Cap. Designated Activity Co.*, No. 21-33693 (KRH) (Bankr. E.D. Va. Dec. 21, 2021) (authorizing the debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each debtor); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 27, 2020) (same); *In re Ascena Retail Group, Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va. July 24, 2020) (same); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (same); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 17, 2020) (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 4, 2017) (same).

## B. It is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors in These Chapter 11 Cases.

15. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). This list is primarily used by the Office of the United States

[3] See *Debtors' Application for Entry of an Order Authorizing the Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent* filed contemporaneously herewith.

Trustee (the "***U.S. Trustee***") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.[4]

16. The Debtors request authority to file a single list of their 30 largest general unsecured creditors (the "***Top 30 List***") on a consolidated basis.[5] Because the Top 30 Lists of the Debtors could overlap, and certain Debtors may have fewer than 30 significant unsecured creditors, the Debtors submit that filing separate Top 30 Lists for each Debtor would be of limited utility. The Debtors believe that a single Top 30 List would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors. In addition, the exercise of compiling separate Top 30 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated Top 30 List will aid the U.S. Trustee in its efforts to communicate with the Debtors' creditors.

17. Courts in this district have regularly granted relief similar to the relief requested herein. *See, e.g., In re Nordic Aviation Cap. Designated Activity Co.*, No. 21-33693 (KRH) (Bankr. E.D. Va. Dec. 21, 2021) (authorizing the debtors to file a consolidated list of their thirty largest unsecured creditors); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 27, 2020) (same); *In re Ascena Retail Group, Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va. July 24, 2020) (authorizing the debtors to file a consolidated list of their fifty largest unsecured creditors);

---

[4] "The purpose of the separate list of [20] largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

[5] The Debtors submit that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

*In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (authorizing the debtors to file a consolidated list of their forty largest unsecured creditors); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 17, 2020) (authorizing the debtors to file a consolidated list of their thirty largest unsecured creditors); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 4, 2017) (authorizing the debtors to file a consolidated list of their fifty largest unsecured creditors).

18. Accordingly, the Debtors submit that filing a consolidated Top 30 List is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

**C. Redaction of Certain Personal Identification Information of Individuals Is Warranted.**

19. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury, [including]. . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

20. In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors do business. The United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "***UK GDPR***"), the European General Data Protection Regulation (the "***EU GDPR***"), and similar laws in other jurisdictions impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("***Personal Data***").

21. The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data. The only legal basis that may apply for disclosing Personal Data in this instance would be the "legitimate interests" ground set forth in Article 6(1)(f) UK GDPR and EU GDPR. To use the "legitimate interests" ground as a legal basis, the processing must be necessary for a relevant purpose, and it does not qualify as not necessary if there is a less intrusive way of achieving that purpose. The "legitimate interests" ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question.

22. Disclosing the unredacted names and home addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with drafting a plan of reorganization or administering these chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names and home addresses disclosed on the public docket would also override the legitimate interest of disclosing such information to facilitate these chapter 11 cases. Thus, public disclosure of the unredacted Creditor Matrix risks breaching the UK GDPR and EU GDPR.

23. Therefore, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements,[6] (a) the home and email addresses of individual creditors—including the Debtors' employees and contract workers and individual equity holders—who are citizens of the United States located in the United States and (b) the names, home and

[6] As defined in the *Motion of Debtors for Entry of an Order Extending the Debtors' Deadline to File (I) (A) Schedules of Assets and Liabilities, (B) Schedules of Executory Contracts and Unexpired Leases, (C) Schedules of Income and Expenditures, and (D) Statements of Financial Affairs and (II) Rule 2015.3 Reports* filed substantially contemporaneously herewith.

email addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR because, respectively, (x) such information can be used to perpetrate identity theft, and phishing scams or to locate survivors of domestic violence, harassment, or stalking under section 107(c)(1) of the Bankruptcy Code, and (y) disclosure risks violating the UK GDPR and EU GDPR, exposing the Debtors to potential civil liability and significant financial penalties.

24. The Debtors propose to provide an unredacted version of the Creditor Matrix or any other redacted papers filed with the Court to the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, and the Court.

25. Courts in this jurisdiction and others have granted the relief requested herein. *See, e.g., In re Nordic Aviation Cap. Designated Activity Co.*, No. 21-33693 (KRH) (Bankr. E.D. Va. Dec. 21, 2021) (authorizing the debtors to redact certain personal identification information); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 27, 2020) (same); *In re Ascena Retail Group, Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va. July 24, 2020) (same); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (same); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 17, 2020) (same); *In re Clover Tech. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same).

**D. Modification of the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders of Enviva is Warranted.**

26. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders

otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court give notice to all equity security holders . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

27. The requirements to file a list of, and to provide notice directly to, equity security holders, should be modified as to Enviva. Enviva's common stock is publicly traded on the New York Stock Exchange, with approximately 74,673,972 outstanding shares of common stock as of February 27, 2024 that cannot be readily traced to specific individual holders. Enviva only maintains a list of its registered equity security holders and therefore must obtain the names and addresses of its beneficial shareholders from a securities agent. Preparing and submitting such a list with last known addresses for each equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the estates or parties in interest, while raising significant privacy concerns similar to those described above. Instead, Enviva proposes to file a list of registered equity security holders that hold 5% or more of Enviva's common stock in satisfaction of Bankruptcy Rule 1007(a)(3).

28. Enviva has taken or will take several actions to inform its equity security holders of the commencement of these chapter 11 cases, which are as follows: (a) as soon as is practicable after the commencement of the chapter 11 cases, the Debtors will serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of Enviva's equity securities and all banks, brokers, intermediaries, Depository Trust Company participants and other nominees or their

mailing agents that hold Enviva equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) on or about the date hereof, the Debtors will publish the notice of commencement on the Debtors' case website located at www.kccllc.net/enviva; (c) as soon as is practicable after the date hereof, the Debtors will issue a press release announcing the bankruptcy filing and cause the notices required under Bankruptcy Rule 2002(d) to be published in full in USA Today and the specific regional publication required under the Local Rules; and (d) the Debtors will file a form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases.

29. Therefore, the Debtors request that the Court modify the requirements to file a list of and to provide notice directly to Enviva's equity security holders.

30. Courts in this jurisdiction and around the country have granted similar relief to the relief requested herein. *See, e.g.*, *In re Intelsat S.A.*, Case No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (waiving the requirement to file a list of equity security holders); *In re Ascena Retail Group, Inc.*, Case No. 20-33113 (KRH) (Bankr. E.D. Va. July 24, 2020) (same); *In re Pier 1 Imports, Inc.*, Case No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 19, 2020) (same); *In re Near Intelligence, Inc*., No. 23-11962 (TMH) (Bankr. D. Del. Dec. 11, 2023) (waiving the requirement to provide notice of the commencement of the chapter 11 cases to equity security holders); *In re Capstone Green Energy Corp*., No. 23-11634 (LSS) (Bankr. D. Del. Nov. 2, 2023) (same); *In re Yellow Corp*., No. 23-11069 (CTG) (Bankr. D. Del. Sep. 13, 2023) (modifying the requirement to file a list of equity security holders of the publicly-traded debtor and modifying the requirement to provide notice of the commencement of the chapter 11 cases to such equity holders); *In re Lannett Co., Inc*., No. 23-10559 (JKS) (Bankr. D. Del. Aug. 11, 2023) (same).

## NOTICE

31. Notice of this Motion has been provided by delivery to the following parties or their counsel, as applicable: (a) the Assistant United States Trustee for the Eastern District of Virginia; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Davis Polk & Wardwell LLP as co-counsel to the Ad Hoc Group; (d) McGuireWoods LLP as co-counsel to the Ad Hoc Group; (e) McDermott Will & Emery LLP as counsel to the agent under the DIP Facility; (f) Cahill Gordon & Reindel LLP as counsel to the agent under the Senior Secured Credit Facility; (g) Kilpatrick Townsend & Stockton LLP as counsel to the indenture trustee under the 2026 Notes; (h) Kramer Levin Naftalis & Frankel LLP as counsel to the indenture trustees under the Bond Green Bonds and the Epes Green Bonds; (i) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (j) the United States Attorney's Office for the Eastern District of Virginia; (k) the Securities and Exchange Commission; (l) the Internal Revenue Service; and (m) all applicable government agencies or other parties to the extent required by the Bankruptcy Rules or the Local Rules (collectively, the "***Notice Parties***"). In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

32. No prior motion for the relief requested herein has been made to this Court or any other court.

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, respectively, and grant them such other and further relief to which the Debtors may be justly entitled.

Richmond, Virginia
Dated: March 12, 2024

/s/ *Jeremy S. Williams*
**KUTAK ROCK LLP**
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Email: michael.condyles@kutakrock.com;
peter.barrett@kutakrock.com;
jeremy.williams@kutakrock.com

**VINSON & ELKINS LLP**
David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: dmeyer@velaw.com;
jpeet@velaw.com

- and -

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mpyeatt@velaw.com;
tspears@velaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone: (212) 237-0000
Facsimile: (212) 237-0100

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENVIVA INC., *et al*., | ) | Case No. 24-10453 (BFK) |
| Debtors.[1] | ) | (Joint Administration Requested) |

**ORDER**
**(I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION, (II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY**

1 Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/enviva. The location of the Debtors' corporate headquarters is: 7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

**HOLDERS OF ENVIVA INC., (III) APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") (i) authorizing the Debtors to (a) file a consolidated creditor matrix in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing lists for each Debtor, and (c) redact certain personal identification information; (ii) waiving the requirement to file a list of, and provide notice directly to, the equity security holders of Debtor Enviva; (iii) approving the form and manner of notice of commencement; and (iv) granting related relief, all as more fully set forth in the Motion and in the First Day Declarations; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the First Day Declarations; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to file a consolidated creditor matrix in lieu of submitting a separate mailing matrix for each Debtor.

2. The Debtors are authorized to file a single consolidated list of their top 30 unsecured creditors.

3. The Debtors are authorized to redact (a) the home and email addresses of individual creditors—including the Debtors' employees and contract workers and individual equity holders—who are citizens of the United States located in the United States and (b) the names, home and email addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR on the Creditor Matrix and any other papers filed publicly with this Court; *provided, however*, the Debtors shall provide an unredacted version of the Creditor Matrix and any other redacted papers to the U.S. Trustee, any official committee of unsecured creditors appointed in these chapter 11 cases, this Court, and subject to the restrictions of the UK GDPR and the EU GDPR, to any party in interest, who has standing to be heard in these chapter 11 cases, upon a request to the Debtors (email is sufficient); *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. For the avoidance of doubt, the Debtors are authorized to deny such email request from a party in interest; *provided* that the Debtors shall promptly inform the U.S. Trustee after denying any such request.

4. The requirements that Enviva file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is modified such that Enviva shall file with the Court a list of equity

security holders directly registered with the transfer agent as holders of 5% or more of Enviva's common stock in satisfaction of Bankruptcy Rule 1007(a)(3).

5. Any requirement that Enviva provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors instead shall: (a) serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of Enviva's equity securities and all banks, brokers, intermediaries, Depository Trust Company participants and other nominees or their mailing agents that hold Enviva equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at www.kccllc.net/enviva; (c) issue a press release announcing the bankruptcy filing and, as soon as is practicable, cause the notices required under Bankruptcy Rule 2002(d) to be published in full in USA Today and the specific regional publication required under the Local Rules; and (d) file a form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases.

6. The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Annex A**, on all parties listed on the Creditor Matrix. The form and manner of service of the Notice of Commencement is approved.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The requirement under Local Rule 9013-1(F) to file a memorandum of law in connection with the Motion is waived.

9. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ______
Alexandria, Virginia

_________________________________
UNITED STATES BANKRUPTCY JUDGE

# **Annex A**

**Notice of Commencement**

**Information to identify the case:**

Debtor: Enviva Inc., *et al*. (see below for list of all Debtors) — Name

EIN: 46-4097730

United States Bankruptcy Court for the: Eastern District of Virginia (State)

Date case filed for chapter 11: 03/12/2024 (MM/DD/YYYY)

Lead Case Number: 24-10453 (BFK)

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case

**12/17**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

1. **Debtor's full name(s)**
   **(List of Jointly Administered Debtors)**

   **SEE BELOW CHART**

| Name of Debtor | Other Names Used by the Debtors in the last 8 years | EIN | Case Number |
|---|---|---|---|
| Enviva Inc. | Enviva Partners, LP | 46-4097730 | 24-10453 (BFK) |
| Enviva Aircraft Holdings Corp. | N/A | 85-4303879 | 24-10460 (BFK) |
| Enviva Development Finance Company, LLC | N/A | 84-3965445 | 24-10469 (BFK) |
| Enviva Energy Services, LLC | N/A | 32-0478414 | 24-10462 (BFK) |
| Enviva GP, LLC | Intrinergy Operating GP, L.L.C. | 27-2193583 | 24-10463 (BFK) |
| Enviva Holdings GP, LLC | Intrinergy Holdings GP, L.L.C. | 27-2267930 | 24-10465 (BFK) |
| Enviva Management Company, LLC | N/A | 90-1030857 | 24-10461 (BFK) |
| Enviva MLP International Holdings, LLC | N/A | 37-1850965 | 24-10464 (BFK) |
| Enviva Partners Finance Corp. | N/A | 81-4038925 | 24-10472 (BFK) |
| Enviva Pellets Bond, LLC | N/A | 86-3287437 | 24-10466 (BFK) |
| Enviva Pellets Epes Finance Company, LLC | N/A | 87-1433359 | 24-10473 (BFK) |
| Enviva Pellets Epes Holdings, LLC | N/A | 87-1398672 | 24-10454 (BFK) |
| Enviva Pellets Epes, LLC | N/A | 83-3505521 | 24-10471 (BFK) |
| Enviva Pellets Greenwood, LLC | Enviva Pellets NewCo, LLC | 81-5480482 | 24-10455 (BFK) |
| Enviva Pellets Lucedale, LLC | N/A | 45-3039073 | 24-10456 (BFK) |
| Enviva Pellets Waycross, LLC | Georgia Biomass, LLC | 46-0523402 | 24-10457 (BFK) |
| Enviva Pellets, LLC | Enviva Pellets Northampton, LLC | 45-3039073 | 24-70505 (BFK) |
| Enviva Port of Pascagoula, LLC | N/A | 81-2948852 | 24-10458 (BFK) |
| Enviva Shipping Holdings, LLC | N/A | 85-0504873 | 24-10459 (BFK) |
| Enviva Holdings, LP | Intrinergy Holdings, L.P. | 27-2168506 | 24-10470 (BFK) |
| Enviva, LP | Intrinergy Operating, L.P. | 27-2145617 | 24-10467 (BFK) |

<table>
<tr><td>2.</td><td>All other names used in the last 8 years</td><td colspan="2">SEE ABOVE CHART</td></tr>
<tr><td>3.</td><td>Address</td><td colspan="2">7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.</td></tr>
<tr><td>4.</td><td>Debtor’s attorney<br>Name and address</td><td>KUTAK ROCK LLP<br>Michael A. Condyles<br>Peter J. Barrett<br>Jeremy S. Williams<br>901 East Byrd Street, Suite 1000<br>Tel: (804) 644-1700<br>Fax: (804) 783-6192<br><br>- and -<br><br>VINSON & ELKINS LLP<br>David S. Meyer (pro hac vice admission pending)<br>Jessica C. Peet (pro hac vice admission pending)<br>The Grace Building<br>1114 Avenue of the Americas, 32nd Floor<br>New York, New York 10036-7708<br>Tel: (212) 237-0000<br>Fax: (212) 237-0100<br><br>- and –<br><br>Matthew J. Pyeatt (pro hac admission pending)<br>Trevor G. Spears (pro hac admission pending)<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX 75201<br>Tel: (214) 220-7700<br>Fax: (214) 220-7716<br><br>Proposed Attorneys for the Debtors and Debtors in Possession</td><td>Debtors’ Claims and Noticing Agent<br>(for Court Documents and Case Information Inquiries):<br>Kurtzman Carson Consultants, LLC<br>(888) 249-2695 (U.S./Canada)<br>(310) 751-2601 (International)<br><br>Restructuring Website:<br>www.kccllc.net/enviva</td></tr>
<tr><td>5.</td><td>Bankruptcy clerk’s office<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov</td><td colspan="2">U.S. Bankruptcy Court<br>200 S. Washington St.<br>Alexandria, VA 22314-5405<br><br>Hours:<br>9:00 AM – 4:00 PM ET<br><br>Telephone:<br>(703) 258-1200</td></tr>
<tr><td>6.</td><td>Meeting of Creditors<br>The debtor’s representative must attend the meeting to be questioned under oath.<br>Creditor’s may attend, but are not required to do so.</td><td>[Not yet determined.]</td><td>Location:<br>[Not yet determined.]</td></tr>
</table>

| | |
|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:** Not yet set. If a deadline is set, the court will send you another notice.<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>▪ you file a proof of claim in a different amount; or<br>▪ you receive another notice.<br>If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint is not yet set.** |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

WE ASK FOR THIS:

/s/
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

- and -

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone: (212) 237-0000
Facsimile: (212) 237-0100

- and -

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/