David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone:      (212) 237-0000
Facsimile:      (212) 237-0100

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone:      (214) 220-7700
Facsimile:      (214) 220-7716

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVIVA INC., *et al.*, | ) | Case No. 24-10453 (BFK) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES, (II) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) SCHEDULES OF INCOME AND EXPENDITURES, (IV) STATEMENTS OF FINANCIAL AFFAIRS AND (V) RULE 2015.3 FINANCIAL REPORTS

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), file

this *Motion of Debtors for Entry of an Order Extending the Debtors' Deadline to File*

---

[1]   Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/enviva. The location of the Debtors' corporate headquarters is: 7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

*(I) Schedules of Assets and Liabilities, (II) Schedules of Executory Contracts and Unexpired Leases, (III) Schedules of Income and Expenditures, (IV) Statements of Financial Affairs, and (V) Rule 2015.3 Financial Reports* (the "**Motion**") and in support respectfully submit the following:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 1007(c), 2015.3, and 9006(b) , and rule 1007-1(e) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Rules**").

## BACKGROUND

4.      Enviva Inc. and its Debtor and non-Debtor subsidiaries (collectively, the "**Company**") are the world's largest producer of industrial wood pellets, a renewable and sustainable energy source produced by aggregating a natural resource—wood fiber—and processing it into a transportable form.  The Company owns and operates ten industrial-scale wood

2

pellet production plants located in Virginia, North Carolina, South Carolina, Georgia, Florida, and Mississippi. The Company exports its wood pellets through owned and leased deep-water marine terminals to customers in the United Kingdom, the European Union, and Japan who purchase the wood pellets through long-term, take-or-pay offtake contracts with the Company.

5.      On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). As of the Petition Date, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6.      Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Glenn Nunziata in Support of Chapter 11 Petitions* (the "***Nunziata Declaration***") and the *Declaration of Mark Rajcevich in Support of Chapter 11 Petitions and First-Day Motions* (the "***Rajcevich Declaration***," and together with the Nunziata Declaration, the "***First Day Declarations***"), filed contemporaneously herewith and incorporated herein by reference.[2]

7.      As set forth in the Nunziata Declaration, on March 12, 2024, the Debtors entered into that certain *Restructuring Support Agreement* with the ad hoc group of

---

[2]      Capitalized terms used but not otherwise defined in this Motion shall have the meaning set forth in the First Day Declarations.

creditors (the "***Ad Hoc Group***") party thereto, which represent approximately (a) 72% of the aggregate outstanding principal amount of loans arising under the Senior Secured Credit Facility (including both term loans and revolving credit loans), (b) 95% of the aggregate outstanding principal amount of the 2026 Notes, (c) 78% of the aggregate outstanding principal amount of the Epes Green Bonds, and (d) 45% of the aggregate outstanding principal amount of Bond Green Bonds.  As further set forth in the Nunziata Declaration, on March 12, 2024, the Debtors entered into that certain *Restructuring Support Agreement* with creditors holding approximately 92% of the aggregate outstanding principal amount of the Bond Green Bonds.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**, extending the time within which the Debtors must file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, (iii) schedules of income and expenditures, (iv) statements of financial affairs (clauses (i)-(iv) together, the "***Schedules and Statements***") to 60 days after the Petition Date, through and including May 11, 2024, and (ii) initial financial information reports under Rule 2015.3(a) (the "***2015.3 Reports***") to the later of (i) 15 days after the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "***341 Meeting***") and 60 days after the Petition Date (the "***2015.3 Filing Deadline***"), without prejudice to the Debtors' ability to request additional extensions for cause shown.

## BASIS FOR RELIEF REQUESTED

### A.      Request for Extension of Time

9.      Section 521(a) of the Bankruptcy Code and Rule 1007(b) both require a debtor to file its schedule of assets and liabilities and its statement of financial affairs with the bankruptcy

court.  Bankruptcy Rule 1007(c) requires that a debtor file its schedule of assets and liabilities and statement of financial affairs within 14 days of filing its chapter 11 petition.  Accordingly, the Debtors' initial deadline to file the Schedules and Statements is 14 days from the Petition Date, March 25, 2024 (the "***Initial Deadline***").

10.     Bankruptcy Rules 1007(c) and 9006(b)(1), however, provide a bankruptcy court with the ability to extend a debtor's time to file its Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(c), 9006(b)(1).  Showing "cause" merely requires that a debtor "demonstrate some justification for issuance of the order" and the bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party."  *See e.g., Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

11.     Given the size and complexity of the Debtors' business and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, including a consensual deal with stakeholders across the Debtors' capital structure, the Debtors were not in a position to complete the Schedules and Statements by the Petition Date, even with the assistance of professionals.  The Debtors further estimate that, with the critical matters to be addressed in the early days of these cases, they will require more than 14 days after the Petition Date to complete this substantial task.  Nevertheless, recognizing the importance of assembling this information, the Debtors intend to complete the Schedules and Statements as quickly as practicable under the circumstances.

12.     The Debtors submit that cause exists for the Court to grant the requested extension. The number of Debtor entities, the substantial size, scope, and complexity of their businesses, and the volume of material that must be compiled and reviewed by the Debtors' staff and professionals

to complete the Schedules and Statements for each of the 21 Debtors during the early days of these cases provide ample cause for justifying the requested extension.  The ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records, and complex accounting systems.  To prepare the Schedules and Statements, the Debtors must compile information from those books and records and from documents relating to the claims of approximately 12,100 creditors and the Debtors' many assets and contracts. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

13.     The additional time requested should help ensure that the Schedules and Statements are as accurate as possible.  Given the volume of information provided in these documents and the fact that the information is required to be accurate as of the Petition Date, providing the Debtors with additional time will help ensure that the relevant information is fully processed through the Debtors' various information systems and can be incorporated into the relevant Schedules and Statements. Rushing to complete the Schedules and Statements soon after the Petition Date likely would compromise the completeness and accuracy of the Schedules and Statements, which would ultimately be to the detriment of the Debtors' creditors.

14.     Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements and are working diligently to move the process forward, the Debtors anticipate that they may require up to 46 additional days to complete the Schedules and Statements beyond the Initial Deadline. The Debtors submit that the extensive amount of information that must be assembled and compiled and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.

4878-9669-7503

15.     Accordingly, the Debtors respectfully request that the Court extend the Initial Deadline by an additional 46 days, for a filing deadline of 60 days after the Petition Date, or May 11, 2024, without prejudice to the Debtors' right to seek a further extension through a subsequent motion and showing of cause for such extension.

16.     In large chapter 11 cases such as these, courts routinely extend the deadline to file Schedules and Statements. Indeed, similar relief has been granted in other large chapter 11 cases in this and other jurisdictions. *See, e.g., In re Nordic Aviation Capital Designated Activity Company*, No. 21-33693 (KRH) (Bankr. E.D. Va. Dec. 21, 2021) (extending the filing deadline for schedules and statements until 60 days from the Petition Date); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (extending the filing deadline for schedules and statements until 59 days from the petition date).

**B.      Cause Exists to Extend the Time to File the 2015.3 Reports**

17.     Bankruptcy Rule 2015.3 provides that a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, provide periodic financial reports of the value, operations, and profitability of each entity in which the estate holds a substantial or controlling interest and is not a publicly traded corporation or a debtor in the chapter 11 cases. Fed. R. Bankr. P. 2015.3. Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). Additionally, Bankruptcy Rule 2015.3(d) provides that the Court, after notice and a hearing, may modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3.

18.     The Debtors have a substantial interest in several entities that are not debtors in these chapter 11 cases, requiring them to file the reports pursuant to Bankruptcy Rule 2015.3.

However, the Debtors cannot complete the initial 2015.3 Reports in the time set forth under Bankruptcy Rule 2015.3 without significant hardship.  Cause exists for extending the time to file the 2015.3 Reports due to the size, complexity, and scope of the Debtors' business and the substantial burdens on the Debtors in the early stages of these chapter 11 cases that would result if required to comply within the Bankruptcy Rule 2015.3 timeframe.  Additionally, extending the deadline to file the 2015.3 Reports will enable the Debtors to coordinate with the Office of the United States Trustee (the "*U.S. Trustee*") and their financial advisors to establish the scope of the 2015.3 Reports and discuss any necessary modifications.  Moreover, the relief requested herein will not prejudice any party in interest as the Debtors will work diligently and cooperatively with the U.S. Trustee and any other interested parties to provide access to any business and financial information of the Debtors and their non-Debtor subsidiaries, as applicable.

19.     Accordingly, the Debtors respectfully request that the Court extend the deadline to file the initial 2015.3 Reports until the 2015.3 Filing Deadline (*i.e.*, the later of (i) 15 days after the 341 Meeting and (ii) 60 days after the Petition Date), without prejudice to the Debtors' right to seek a further extension through a subsequent motion and showing of cause for such extension.

20.     Courts in this district have granted similar relief to that requested herein in a number of recent cases.  *See, e.g.*, *In re Nordic Aviation Capital Designated Activity Company*, No. 21-33693 (KRH) (Bankr. E.D. Va. Dec. 21, 2021) (extending the deadline for filing the initial 2015.3 reports until 60 days from the petition date); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. May 15, 2020) (extending the deadline for filing the initial 2015.3 reports until 75 days from the petition date).

4878-9669-7503

21.     Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## RESERVATION OF RIGHTS

22.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in this Motion is intended to be, nor should it be construed as (a) an implication or admission as to the validity or priority of any claim or lien against the Debtors, (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any proposed order, or (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.  In addition, nothing in this Motion or the relief requested herein should be interpreted as the assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code.

## NOTICE

23.     Notice of this Motion has been provided by delivery to the following parties or their counsel, as applicable: (a) the Assistant United States Trustee for the Eastern District of Virginia; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) Davis Polk & Wardwell LLP as co-counsel to the Ad Hoc Group; (d) McGuireWoods LLP as co-counsel to the Ad Hoc Group; (e) McDermott Will & Emery LLP as counsel to the agent under the DIP Facility; (f) Cahill Gordon & Reindel LLP as counsel to the agent under the Senior Secured Credit Facility; (g) Kilpatrick Townsend & Stockton LLP as counsel to the indenture trustee under the 2026 Notes; (h) Kramer Levin Naftalis & Frankel LLP as counsel to the indenture trustees under the Bond Green Bonds and the Epes Green Bonds; (i) those persons who have

4878-9669-7503

formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (j) the United States Attorney's Office for the Eastern District of Virginia; (k) the Securities and Exchange Commission; (l) the Internal Revenue Service; and (m) all applicable government agencies or other parties to the extent required by the Bankruptcy Rules or the Local Rules (collectively, the "***Notice Parties***").  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## <u>NO PRIOR REQUEST</u>

24.     No prior motion for the relief requested herein has been made to this Court or any other court.

10

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, respectively, and grant them such other and further relief to which the Debtors may be justly entitled.

Richmond, Virginia
Dated: March 12, 2024

/s/ *Jeremy S. Williams*

**KUTAK ROCK LLP**                          **VINSON & ELKINS LLP**
Michael A. Condyles (VA 27807)              David S. Meyer (*pro hac vice* pending)
Peter J. Barrett (VA 46179)                 Jessica C. Peet (*pro hac vice* pending)
Jeremy S. Williams (VA 77469)               The Grace Building
901 East Byrd Street, Suite 1000            1114 Avenue of the Americas, 32nd Floor
Richmond, Virginia 23219-4071               New York, New York 10036-7708
Telephone:    (804) 644-1700                Telephone:    (212) 237-0000
Facsimile:    (804) 783-6192                Facsimile:    (212) 237-0100
Email: michael.condyles@kutakrock.com;      Email:        dmeyer@velaw.com;
       peter.barrett@kutakrock.com;                       jpeet@velaw.com
       jeremy.williams@kutakrock.com
                                            - and -

                                            Matthew J. Pyeatt (*pro hac vice* pending)
                                            Trevor G. Spears (*pro hac vice* pending)
                                            Trammell Crow Center
                                            2001 Ross Avenue, Suite 3900
                                            Dallas, TX 75201
                                            Telephone:    (214) 220-7700
                                            Facsimile:    (214) 220-7716
                                            Email:        mpyeatt@velaw.com;
                                                          tspears@velaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone:        (212) 237-0000
Facsimile:        (212) 237-0100

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone:        (214) 220-7700
Facsimile:        (214) 220-7716

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVIVA INC., *et al.*, | ) | Case No. 24-10453 (BFK) |
|  | ) |  |
| Debtors.[1] | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) |  |

**ORDER EXTENDING THE DEBTORS'
DEADLINE TO FILE (I) SCHEDULES OF ASSETS
AND LIABILITIES, (II) SCHEDULES OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, (III) SCHEDULES
OF INCOME AND EXPENDITURES, (IV) STATEMENTS
OF FINANCIAL AFFAIRS AND (V) RULE 2015.3 FINANCIAL REPORTS**

---

[1]    Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/enviva.  The location of the Debtors' corporate headquarters is:  7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order (the "*Order*") extending the time within which the Debtors must file (i) the Schedules and Statements to 60 days after the Petition Date, through and including May 11, 2024 and (ii) their 2015.3 Reports to the later of (a) 15 days after the 341 Meeting and (b) 60 days after the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown, all as more fully set forth in the Motion and in the First Day Declarations; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the First Day Declarations; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The time within which the Debtors shall file their Schedules and Statements is extended through and including May 11, 2024, without prejudice to the Debtors' rights to seek an

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

4878-9669-7503

additional extension of the time within which to file the Schedules and Statements or to seek additional relief from this Court regarding the filing of or waiver of the requirement to file the Schedules and Statements.

2.      The time within which the Debtors shall file their initial 2015.3 Reports is extended to the later of May 11, 2024, and 15 days after the 341 Meeting, without prejudice to the Debtors' rights to seek an additional extension of the time within which to file the initial 2015.3 Reports or to seek additional relief from this Court regarding the filing of or waiver of the requirement to file the initial 2015.3 Reports.

3.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      The requirement under Local Rule 9013-1(F) to file a memorandum of law in connection with the Motion is waived.

6.      The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____
Alexandria, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

3

4878-9669-7503

WE ASK FOR THIS:

 /s/
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

- and -

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
**VINSON & ELKINS LLP**
The Grace Building
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036-7708
Telephone:      (212) 237-0000
Facsimile:      (212) 237-0100

- and -

Matthew J. Pyeatt (*pro hac vice* pending)
Trevor G. Spears (*pro hac vice* pending)
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone:      (214) 220-7700
Facsimile:      (214) 220-7716

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

 /s/