UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                          )
                                                )
ENVIVA INC., e*t al.*,                          )     Case No. 24-10453-BFK
                                                )     Chapter 11
                                                )     (Jointly Administered)
                                                )
            Debtors.                            )
                                                )
_____ )

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION OF THE SUCCESSOR TRUSTEE
FOR THE 6.50% SENIOR NOTES DUE 2026 FOR ENTRY OF AN
ORDER DIRECTING THE U.S. TRUSTEE TO (I) RECONSTITUTE THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AND
(II) APPOINT THE SUCCESSOR TRUSTEE TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

This matter comes before the Court on the Motion of Wilmington Savings Fund Society, FSB, as Successor Trustee for the 6.5% Senior Notes Due 2026 ("WSFS") for Entry of an Order Directing the U.S. Trustee to (I) Reconstitute the Official Committee of Unsecured Creditors; and (II) Appoint the Successor Trustee to the Official Committee of Unsecured Creditors. Docket No. 193. Wilmington Trust, N.A. as the Indenture Trustee under the Debtors' Epes Green Bonds ("Wilmington Trust") filed a Joinder to the Motion. Docket No. 228. Wilmington Trust filed a Supplemental Statement in which it clarified that it also seeks to be appointed to the Committee. Docket No. 334. The Debtors filed a Statement in Support of the Successor Trustee's Motion. Docket No. 218. Carr Properties filed a Statement in which it took no position on the Motion, but stated that it would be willing to serve on the Committee. Docket No. 345. The U.S. Trustee filed an Objection to the Motion. Docket No. 411.

1

For the reasons stated below, the Court will grant the Motion in part and will deny it in part. The Court will order the U.S. Trustee to add at least one Indenture Trustee to the Committee. If the U.S. Trustee decides, in his discretion, to appoint only one of the Indenture Trustees to the Committee, the U.S. Trustee may decide which Indenture Trustee to appoint to the Committee.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

A.  *The Debtors and the Appointment of the Committee.*

1.  Enviva, Inc. and its affiliates (collectively, "Enviva," or "the Debtors") filed Voluntary Petitions under Chapter 11 with this Court on March 12, 2024. Docket No. 1. The cases are being jointly administered. Docket No. 84.

2.  The Debtors are "the world's largest producer of industrial wood pellets, a renewable and sustainable energy source produced by aggregating a natural resource—predominantly waste wood fiber—and processing it into a transportable form." Docket No. 27, Nunziata Decl. ¶ 6. The Debtors "[own] and [operate] ten industrial-scale wood-pellet production plants located in Virginia, North Carolina, South Carolina, Georgia, Florida, and Mississippi." *Id.* at ¶ 7. They have been "developing and constructing two additional plants; the first near Epes, Alabama, and the second near Bond, Mississippi." *Id.*

3.  On March 25, 2024, the U.S. Trustee filed an Appointment of Unsecured Creditors and a Corrected Appointment of Unsecured Creditors Committee ("the Appointment"). Docket Nos. 172, 173. The U.S. Trustee appointed RWE Supply & Trading GmbH ("RWE"), Drax Power Limited ("Drax") and Ryder Integrated Logistics ("Ryder"), as the three members of the Committee. *Id.*

2

4. The Debtors contend that Drax is a competitor, and that Drax may need to be walled off from certain confidential business information as the case progresses. Docket No. 218, ¶ 3.

5. RWE has advised the parties that it intends to sell its claim and resign from the Committee. It is not clear to the Court whether, if RWE sells its claim, its successor may want to sit on the Committee, and if so, whether the U.S. Trustee would appoint RWE's successor as a Committee member.

B. *The Bondholders and the Restructuring Support Agreements.*

6. The parties entered into a Stipulation of Facts, which the Court accepted. Docket No. 467 ("the Stipulations"). The parties also stipulated to the admission of Joint Exhibits 1-34. Docket No. 471.

7. The Debtors have approximately $1.1 Billion in funded bond debt. Joint Ex. 7; Stipulations ¶ 1.

8. WSFS is the Successor Indenture Trustee for the Debtors' 6.50% Senior Notes Due 2026, in the amount of $750,000,000.00. Joint Ex. 5; Stipulations ¶ 2.

9. Ninety-five percent (95%) of the holders of the 6.5% Senior Notes have entered into a Restructuring Support Agreement ("RSA") with the Debtors. Joint Ex. 4; Stipulations ¶ 8.[1]

10. WSFS has not signed the RSA and asserts that it is not bound by the terms of the RSA. Docket No. 193, WSFS Mot. ¶ 4.

11. Five percent of the holders of the 6.5% Senior Notes have not signed the RSA. This represents $37.50 million in bond debt.

---

[1] This RSA was executed by the Debtors, 72% of the Prepetition Senior Secured Debt, 95% of the 6.50% Senior Notes Due 2026, 78% of the holders of the Epes Green Bonds, and certain holders of the Debtors' common stock. Joint Ex. 4. These creditors are known as the Ad Hoc Group. The Debtor is a party to a second RSA with 45% of the holders of its Bond Green Bonds. Joint Ex. 3.

12. Wilmington Trust is the Indenture Trustee for the Debtors' Epes Green Bonds in the amount of $250,000,000.00. Wilmington Tr. Ex. 5.

13. Seventy-eight percent (78%) of the holders of the Epes Green Bonds have signed the RSA. Joint Ex. 4.

14. Wilmington Trust has not signed the RSA and asserts that it is not bound by the terms of the RSA. Docket No. 228, n. 8.

15. Twenty-two percent (22%) of the holders of the Epes Green Bonds have not signed the RSA. This represents $55.0 million in bond debt.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**I.    Adequate Representation.**

Bankruptcy Code Section 1102 provides in part:

> On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders.

11 U.S.C. § 1102(a)(4).

This Subsection was added to the Code as part of the BAPCPA Amendments in 2005. Prior to that, Bankruptcy Code Section 1102(a)(2) allowed the Court to "order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors..." *In re Cont'l Cast Stone, LLC,* 625 B.R. 203, 207 (Bankr. D. Kan. 2020).

Courts have employed several factors to consider in the adequacy of representation, including "the ability of the committee to function, the nature of the case, the standing and desires of the various constituencies, the ability for the creditors to participate in the case without an official committee, the possibility that different classes would be treated differently under a plan and need representation, and the motivation of the movant." *In re Cont'l Cast Stone, LLC,* 625 B.R. at 207-208; *In re ShoreBank Corp.*, 467 B.R. 156, 161 (Bankr. N.D. Ill. 2012). Some cases hold that the Courts should review a reconstitution motion under an "arbitrary and capricious" standard, or for an abuse of discretion. *See In re LTL Mgmt., LLC,* 636 B.R. 610, 623 (Bankr. D.N.J. 2022); *In re JNL Funding Corp.*, 438 B.R. 356, 362 (Bankr. E.D.N.Y. 2010) ("Reviewing the decision of the UST in carrying out its appointment function can also be analogized to review of an administrative agency in carrying out its administrative functions.") The origins of the abuse of discretion standard are unclear; such a standard is not implied by the text of Section 1102(a)(4). *See In re ShoreBank Corp.*, 467 B.R. at 161-62 ("The correct answer is that there is no 'standard of review…' The plain language of the statute, in other words, calls for an independent determination of whether a change in committee composition is necessary; it does not give the bankruptcy court an appellate function or a role akin to administrative review.") Even under an abuse of discretion standard, however, the Court finds that the Motion should be granted in this case.

WSFS and Wilmington argue that: (a) RWE is resigning, which will leave the Committee with only two members; and (b) Drax is a competitor and will have to be excluded from certain confidential business information that the Debtors may provide to the Committee, and Drax may have recuse itself from voting on certain Committee resolutions. The U.S. Trustee responds by

5

arguing that RWE has not yet resigned, and the U.S. Trustee will deal with a resignation if and when it happens.

The Court finds that, regardless of RWE's impending resignation, and regardless of Drax's ability to receive and act on confidential business information, adequate representation requires that at least one Indenture Trustee be added to the Committee. This is a case in which the overwhelming majority of the debt – over $1.1 Billion – is bond debt. The RSAs are not a reason to exclude either of the Indenture Trustees from the Committee. First, the RSAs have not been presented to the Court for approval. The RSAs are the subject of continuing negotiations among the Debtors, the Committee, and the Ad Hoc Group.

Second, neither WSFS nor Wilmington Trust are parties to the RSA. In WSFS's case, holders of the 6.50% Senior Notes totaling $37.50 million have not signed the RSA. In Wilmington Trust's case, holders of $55.0 million in Epes Green Bonds have not signed the RSA. There is no evidence, with respect to either Indenture Trustee, that the holders of the bonds who have signed the RSA will attempt to improperly influence the decisions of the Indenture Trustees as members of the Committee with fiduciary obligations to all the creditors. To the contrary, Section 6.05 of the WSFS Indenture provides as follows:

> Holders of a majority in principal amount of the then outstanding Notes may direct the time, method and place of conducting any proceeding for exercising any remedy available to the Trustee or exercising any trust or power conferred on it. However, the Trustee may refuse to follow any direction that conflicts with law or this indenture or that the Trustee determines may be unduly prejudicial to the rights of other Holders of notes or that may involve the Trustee in personal liability; *provided, however,* that the Trustee may take any other action deemed proper by the Trustee that is not inconsistent with such direction. The Trustee may withhold from Holders of the notes notice of any continuing Default or Event of Default (except a Default or Event of Default relating to the payment of principal or interest) if it determines that withholding notice is in their interest.

Joint Ex. 5, Sec. 6.05.

Similarly, the Epes Bond Indenture provides that, although the holders of a majority of the bonds may "direct the method and place of conducting all proceedings to be taken in connection with the enforcement of the terms and conditions" of the Indenture, it further states: "such direction shall not be otherwise than in accordance with the provisions of law and of this Indenture." Wilmington Tr. Ex. 5, Sec. 1004. In both cases, the applicable law includes the fiduciary duties of a member of an Official Committee of Unsecured Creditors.

The Court finds that adequate representation in this case requires the appointment of at least one Indenture Trustee to the Committee. Without at least one Indenture Trustee, the Committee is simply not representative of the type of debt in this case. The Court, therefore, will grant the Motion in part.

**II.     The Identity of One or More Additional Committee Members.**

The U.S. Trustee argues that, even if the Motion is granted, the Court lacks the power to direct the appointment of one or more individual Committee members, citing *In re Dow Corning Corp.,* 212 B.R. 258 (E.D. Mich. 1997). The *Dow Corning* case, however, was decided under former Section 1102(a)(2), under which parties could request the court to appoint "additional committees" to assure adequate representation. *See id.* at 260. The current statute, Section 1102(a)(4), permits the Court to "change the membership of a committee."

Still, the appointment of individual committee members is statutorily allocated to the U.S. Trustee, at least in the first instance. 11 U.S.C. § 1102(a)(1) ("the United States trustee shall appoint a committee of creditors holding unsecured claims…"). The Committee should "ordinarily" consist of persons, willing to serve, holding the seven largest claims against the debtor. 11 U.S.C. §1102(b)(1). This language has been described as "precatory" and "non-

7

binding," and "affords no right of membership." *In re Park W. Circle Realty, LLC*, 2010 WL 3219531, at *1 (Bankr. S.D.N.Y. Aug. 11, 2010) (internal citation omitted).

Where, as in this case, there are two Indenture Trustees seeking appointment to the Committee, the Court will direct the U.S. Trustee to appoint one or both Indenture Trustees to the Committee. The Court will not direct the appointment of both Indenture Trustees to the Committee. If the U.S. Trustee decides to appoint one Indenture Trustee, he may choose between WSFS and Wilmington Trust.[2]

The Motion, therefore, will be denied in part to the extent that WSFS and Wilmington Trust are requesting that they be appointed to the Committee.

## Conclusion

It is therefore **ORDERED**:

A.  The Motion (Docket No. 193) is granted in part. The U.S. Trustee will appoint either WSFS or Wilmington Trust, or both in his discretion, to the Committee.

B.  The Motion is denied in part, to the extent that WSFS or Wilmington Trust is requesting the Court to appoint either WSFS or Wilmington Trust to the Committee.

C.  The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: May 21 2024

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket:  May 22 2024

---

[2] The Court does not find that there is a need to appoint a landlord, such as Carr Properties, to the Committee at this time.

Copies to:

Enviva Inc.
7272 Wisconsin Ave., Suite 1800
Bethesda, MD 20814
*Chapter 11 Debtor*

Peter J. Barrett
901 East Byrd Street, Suite 1000
Richmond, VA 23219
*Counsel for Debtor*

Jeremy S. Williams
901 East Byrd Street, Suite 1000
Richmond, VA 23219
*Counsel for Debtor*

Gerard R. Vetter
1725 Duke Street, Suite 650
Alexandria, VA 22314
*U.S. Trustee*

Adolyn Clark Wyatt
901 E. Byrd Street, Suite 1000
Richmond, VA 23219
*Counsel for Debtor*

David S. Meyer
1114 Avenue of the Americas
New York, NY 10036
*Proposed Counsel for Debtor*

Jessica C. Peet
1114 Avenue of the Americas
New York, NY 10036
*Proposed Counsel for Debtor*

Glenn T. Nunziata
7272 Wisconsin Ave., Suite 1800
Bethesda, MD 20814
*Debtor Designee*

Nicholas S. Herron
200 Granby St, Room 625
Norfolk, VA 23510
*Counsel for U.S. Trustee*

Alexander F. Antypas
2001 K Street NW
Washington, DC 20006
*Proposed Counsel for Unsecured Creditors Committee*

Kristen E. Burgers
1676 International Drive, Suite 1350
Tysons, VA 22102
*Proposed Counsel for Unsecured Creditors Committee*

Matthew J. Pyeatt
Trammell Crow Center
2001 Ross Ave., Suite 3900
Dallas, TX 75201
*Proposed Counsel for Debtor*

Trevor G. Spears
Trammell Crow Center
2001 Ross Ave., Suite 3900
Dallas, TX 75201
*Proposed Counsel for Debtors*