**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVIVA INC., *et al.*, | ) | Case No. 24-10453 (BFK) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on July 12, 2024, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") entered an order on the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors"), pursuant to Sections 105(a), 363, 365, and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 approving expedited procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 815] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract, including all modifications, amendments, supplements, restatements, or other agreements related thereto, set forth on **Schedule 2** attached hereto is hereby assumed effective as of the date (the "Assumption Date") set forth in **Schedule 2**.

**PLEASE TAKE FURTHER NOTICE** that, the applicable Debtor, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract, thereby demonstrating that such Debtor has the ability to comply with the requirements of adequate assurance of future performance.[3]

---

[1]     Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/enviva. The location of the Debtors' corporate headquarters is: 7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

[2]     Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion.

[3]     The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed assumption of any of the Contracts set forth on **Schedule 2** attached hereto must file and serve a written objection so that such objection is filed with the Court and is *actually received* no later than 14 days after the date that the Debtors served this Notice by the following parties: (a) the Debtors, Enviva Inc., 7272 Wisconsin Avenue, Suite 1800, Bethesda, Maryland 20814, Attn: Jason E. Paral (jason.paral@envivabiomass.com); (b) co-counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew M. Parlen (aparlen@paulweiss.com), Michael J. Colarossi (mcolarossi@paulweiss.com), and Leslie E. Liberman (lliberman@paulweiss.com), and Kutak Rock LLP, 1021 East Cary Street, Suite 810, Richmond, Virginia 23219, Attn: Peter J. Barrett (peter.barrett@kutakrock.com), Jeremy S. Williams (jeremy.williams@kutakrock.com), and Adolyn C. Wyatt (adolyn.wyatt@kutakrock.com); (c) co-counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Damian S. Schaible (damian.schaible@davispolk.com), David Schiff (david.schiff@davispolk.com), and Hailey W. Klabo (hailey.klabo@davispolk.com), and McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes (dhayes@mcguirewoods.com), K. Elizabeth Sieg (bsieg@mcguirewoods.com), and Connor W. Symons (csymons@mcguirewoods.com); (d) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006, Attn: Scott L. Alberino (salberino@akingump.com) and Alexander F. Antypas (aantypas@akingump.com) and One Bryant Park, New York, NY 10036, Attn: Jason P. Rubin (jrubin@akingump.com); (e) counsel to the counterparty of the Contract set forth on Schedule 2 attached hereto, Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932, Attn: Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com); and (f) the Office of the United States Trustee for the Eastern District of Virginia, 200 Granby Street, Room 625, Norfolk, Virginia, 23510 Attn: Nicholas S. Herron (nicholas.s.herron@usdoj.gov) and Kenneth N. Whitehurst (kenneth.n.whitehurst@usdoj.gov). Only those responses that are timely filed, served, and received will be considered at the hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract shall become effective on (a) the Assumption Date set forth in **Schedule 2**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract agree, or (c) such other date as the Court may order.[4]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract(s) is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty to consider the objection for such Contract(s). If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of (a) the Assumption Date set forth in

---

[4]   An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

**<u>Schedule 2</u>**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract agree, or (c) such other date as the Court may order.

*[Remainder of page intentionally left blank]*

Richmond, Virginia
Dated:  September 5, 2024

/s/ *Jeremy S. Williams*

**KUTAK ROCK LLP**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-0200
Telephone:   (804) 644-1700
Facsimile:    (804) 783-6192


*Counsel to the Debtors and Debtors in Possession*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Paul M. Basta (admitted *pro hac vice*)
Andrew M. Parlen (admitted *pro hac vice*)
Michael J. Colarossi (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:   (212) 373-3000
Facsimile:    (212) 757-3990

## <u>Schedule 1</u>

**Procedures Order**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Adolyn C. Wyatt (VA 97746)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-0020
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENVIVA INC., *et al.*, | Case No. 24-10453 (BFK) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING
THE FORM AND MANNER OF THE (A) REJECTION NOTICE AND
(B) ASSUMPTION NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] of the above-captioned debtors and debtors in possession

(collectively, the "***Debtors***") for entry of an order (this "***Order***"), (i) authorizing and approving

procedures for rejecting or assuming executory contracts and unexpired leases, (ii) approving the

form and manner of the (a) Rejection Notice and the (b) Assumption Notice, and (iii) granting

related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United*

---

[1]    Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtor
entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list
may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/enviva.  The
location of the Debtors' corporate headquarters is:  7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.



2410453240712000000000005

*States District Court for the Eastern District of Virginia*, dated August 15, 1984; and the Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may

enter a final order consistent with Article III of the United States Constitution; and the Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and that no other notice need be provided; and the Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "***Hearing***"); and the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The following procedures (the "***Rejection Procedures***") are approved in connection

with rejecting Contracts:

      a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "***Rejection Notice***") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contracts (in alphabetical order); (iii) the effective date of the rejection for each such Contract (the "***Rejection Date***"); *provided*, *however*, that in the case of real property leases, the Rejection Date shall be the later of (i) the scheduled rejection date as set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises; (iv) if any such Contract is a lease, the personal property to be abandoned, if any, and if practicable an estimate of the book value of such property (the "***Abandoned Property***"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple

2

Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

b.  ***Service of Rejection Notice***.  The Debtors will cause the Rejection Notice to be served (i) by overnight delivery service and email, where available, upon the Contract counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property, and (ii) by first class mail, email, or fax upon:  (a) the Office of the United States Trustee for the Eastern District of Virginia (the "***U.S. Trustee***"), (b) Akin Gump Straus Hauer & Feld LLP and Hirschler Fleischer, P.C. as co-counsel for the Official Committee of Unsecured Creditors (the "***Creditors' Committee***"),  (c) Davis Polk & Wardwell LLP and McGuireWoods LLP as co-counsel to the Ad Hoc Group, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Service Parties***").

c.  ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection (which shall include service via CM/ECF) so that such objection is filed with the Court and ***actually received*** by the following parties (collectively, the "***Objection Service Parties***") no later than 14 days after the date the Debtors serve the applicable Rejection Notice (the "***Rejection Objection Deadline***"):  (i) the Debtors, Enviva Inc., 7272 Wisconsin Avenue, Suite 1800, Bethesda, Maryland 20814, Attn:  Jason E. Paral (jason.paral@envivabiomass.com); (ii) counsel to the Debtors, Kutak Rock LLP, 1021 East Cary Street, Suite 810, Richmond, Virginia 23219, Attn: Peter J. Barrett (peter.barrett@kutakrock.com), Jeremy S. Williams (jeremy.williams@kutakrock.com) and Adolyn C. Wyatt (adolyn.wyatt@kutakrock.com); (iii) co-counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Damian S. Schaible (damian.schaible@davispolk.com), David Schiff (david.schiff@davispolk.com), and Hailey W. Klabo (hailey.klabo@davispolk.com), and McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes (dhayes@mcguirewoods.com), K. Elizabeth Sieg (bsieg@mcguirewoods.com), and Connor W. Symons (csymons@mcguirewoods.com); (iv) co-counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006, Attn: Scott L. Alberino (salberino@akingump.com) and Alexander F. Antypas (aantypas@akingump.com) and One Bryant Park, New York, NY 10036, Attn: Jason P. Rubin (jrubin@akingump.com), and Hirschler Fleischer, P.C. 1676 International Drive, Suite 1350, Tysons, Virginia 22102, Attn: Lawrence A. Katz (lkatz@hirschlerlaw.com) and Kristen E. Burgers (kburgers@hirschlerlaw.com); and (v) the U.S. Trustee, 200 Granby Street, Room 625, Norfolk, Virginia, 23510 Attn: Nicholas S. Herron (nicholas.s.herron@usdoj.gov) and Kenneth N. Whitehurst (kenneth.n.whitehurst@usdoj.gov).

3

d.  **No Objection**.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of (a) the applicable Rejection Date set forth in the Rejection Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may so order.

e.  **Unresolved Objections**.  If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty and the objecting party to consider the objection for the Contract(s) to which such objection relates.  The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of (a) the applicable Rejection Date set forth in the Rejection Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may so order.

f.  **No Application of Security Deposits**.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not set off, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.  **Abandoned Property**.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property, without liability to the Debtors.

h.  **Proofs of Claim**.  Pursuant to the *Order (I) Establishing Bar Dates and Procedures and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 321], subject to certain exceptions, all proofs of claim against the Debtors in these chapter 11 cases must have been filed with Verita Global, the Debtors' claims and noticing agent,[3] by June 14, 2024.  Proofs of claim with respect to Claims, if any, arising out of the rejection of a Contract pursuant to these Rejection Procedures, must be filed before 5:00 p.m., Prevailing Eastern Time, on the date that is 30 days after the effective date of the rejection of such Contract.  If no such proof of claim is timely

---

[3]  Kurtzman Carson Consultants LLC has rebranded as Verita Global.

filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.      The following procedures (the "**Assumption Procedures**") are approved in connection with assuming and assigning Contracts:

a.      *Assumption Notice*.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "*Assumption Notice*") to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts; (iii) the identity of the proposed assignee of such Contracts (the "*Assignee*"), if applicable; (iv) the effective date of the assumption for each such Contract (the "*Assumption Date*"); (v) the proposed cure amount, if any for each such Contract; (vi) a general description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.

b.      *Service of Assumption Notice and Evidence of Adequate Assurance*.  The Debtors will cause the Assumption Notice to be served (i) by overnight delivery service (and email, where available) upon the Contract counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties.[4]

c.      *Objection Procedures*.  Parties objecting to a proposed assumption and assignment, as applicable, must file and serve a written objection (which shall include service via CM/ECF) so that such objection is filed with the Court and *actually received* by the Objection Service Parties no later than 14 days after the date the Debtors serve the relevant Assumption Notice (the "*Assumption Objection Deadline*").

d.      *No Objection*.  If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of (a) the Assumption Date set forth in the applicable Assumption Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may order and the proposed cure amount shall be

---

[4]     The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

#98574685v2

binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.

e. ***Unresolved Objections***.   If an objection to the assumption of any Contract(s) is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty to consider the objection for the Contract(s) to which such objection relates.  The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of (a) the Assumption Date set forth in the applicable Assumption Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may order.

4. The Rejection Notice, substantially in the form attached hereto as **Exhibit 1**, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular Contracts, is hereby approved as the form by which the Debtors shall provide notice to parties whose Contracts are the subject of an applicable rejection.

5. The Assumption Notice, substantially in the form attached hereto as **Exhibit 2**, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular Contracts, is hereby approved as the form by which the Debtors shall provide notice to parties whose Contracts are the subject of an applicable assumption or assumption and assignment.

6. With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether

6

imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

7.      Subject to the other provisions of this Order and the Assumption Procedures, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

8.      To the maximum extent permitted by law, to the extent that any provision in any executory contract or unexpired lease assumed or assumed and assigned by the Debtors restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such executory contract or unexpired lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Contract Procedures, this Order and any further order of the Court shall not entitle the non-Debtor party thereto to terminate such executory contract or unexpired lease or to exercise any other default-related rights with respect thereto.

7

9.     Approval of the Contract Procedures and this Order does not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

10.    The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

12.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance therewith), nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and

8

the rights of all parties in interest are expressly reserved to contest the extent, validity, priority, amount, or perfection or seek avoidance of all such liens.

13.     Notwithstanding the relief granted in this Order, all authorizations herein and all payments and actions pursuant hereto shall be subject to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 457] (the "***DIP Order***"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order or the DIP Documents (as defined in the DIP Order). To the extent there is any inconsistency between the terms of the DIP Order or the DIP Documents and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Order or the DIP Documents, as applicable, shall control.

14.     Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "***Confidential Information***"), the Debtors shall remove the Confidential Information from such personal property before abandonment.

#98574685v2

15.    Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

16.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  Jul 12 2024                                        /s/ Brian F Kenney
Alexandria, Virginia                                       United States Bankruptcy Judge

WE ASK FOR THIS:                                 Entered On Docket:  Jul 12 2024

 /s/ Jeremy S. Williams
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Adolyn C. Wyatt (VA 97746)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-0020
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Counsel to the Debtors and Debtors in Possession*

10

#98574685v2

## <u>CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)</u>

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_/s/ Jeremy S. Williams_

11

## <u>Exhibit 1</u>

**Proposed Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVIVA INC., *et al*., | ) | Case No. 24-10453 (BFK) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

  **PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Eastern District of Virginia (the "***Court***") entered an order on the motion (the "***Motion***")[2] of debtors and debtors in possession (the "***Debtors***"), pursuant to Sections 105(a), 363, 365, and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 approving expedited procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. [●]] (the "***Procedures Order***") attached hereto as **Schedule 1**.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "***Rejection Notice***"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "***Rejection Date***") set forth in **Schedule 2**.

  **PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court and is *actually received* no later than 14 days after the date that the Debtors served this Notice by the following parties:  (a) the Debtors, Enviva Inc., 7272 Wisconsin Avenue, Suite 1800, Bethesda, Maryland 20814, Attn:  Jason E. Paral (jason.paral@envivabiomass.com); (b) counsel to the Debtors, Kutak Rock LLP, 1021 East Cary Street, Suite 810, Richmond, Virginia 23219, Attn: Peter J. Barrett (peter.barrett@kutakrock.com), Jeremy S. Williams (jeremy.williams@kutakrock.com) and Adolyn C. Wyatt (adolyn.wyatt@kutakrock.com); (c) co-counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Damian S. Schaible (damian.schaible@davispolk.com), David Schiff (david.schiff@davispolk.com), and Hailey W. Klabo (hailey.klabo@davispolk.com), and

---

[1]   Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/enviva.  The location of the Debtors' corporate headquarters is:  7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

[2]   Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion.

McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes (dhayes@mcguirewoods.com), K. Elizabeth Sieg (bsieg@mcguirewoods.com), and Connor W. Symons (csymons@mcguirewoods.com); (d) co-counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006, Attn: Scott L. Alberino (salberino@akingump.com) and Alexander F. Antypas (aantypas@akingump.com) and One Bryant Park, New York, NY 10036, Attn: Jason P. Rubin (jrubin@akingump.com), and Hirschler Fleischer, P.C. 1676 International Drive, Suite 1350, Tysons, Virginia 22102, Attn: Lawrence A. Katz (lkatz@hirschlerlaw.com) and Kristen E. Burgers (kburgers@hirschlerlaw.com); and (e) the Office of the United States Trustee for the Eastern District of Virginia, 200 Granby Street, Room 625, Norfolk, Virginia, 23510 Attn: Nicholas S. Herron (nicholas.s.herron@usdoj.gov) and Kenneth N. Whitehurst (kenneth.n.whitehurst@usdoj.gov). Only those responses that are timely filed, served, and received will be considered at the hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent a timely objection, the rejection of each Contract shall become effective on (a) the Rejection Date set forth in **Schedule 2**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may order.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty to consider the objection for the Contract(s) to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of (a) the Rejection Date set forth in **Schedule 2**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree, or (c) such other date as the Court may order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** shall be deemed abandoned as of the Rejection Date.

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to assert a claim(s) with respect to the rejection of your Contract(s) pursuant to the Rejection Procedures, you must do so by 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the effective date of the rejection of your Contract(s).  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Richmond, Virginia
Dated:  June 27, 2024

/s/  *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Adolyn C. Wyatt (VA 97746)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-0200
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Counsel to the Debtors and Debtors in Possession*

<u>**Schedule 1**</u>

**Procedures Order**

## Schedule 2

## Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property | Rejection Date |
| --- | --- | --- | --- | --- |
| | | | | |
| | | | | |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**<u>Exhibit 2</u>**

**Proposed Assumption Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVIVA INC., *et al.*, | ) | Case No. 24-10453 (BFK) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF ASSUMPTION OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the Eastern District of Virginia (the "***Court***") entered an order on the motion (the "***Motion***")[2] of debtors and debtors in possession (the "***Debtors***"), pursuant to Sections 105(a), 363, 365, and 554 of the Bankruptcy Code and Bankruptcy Rule 6006 approving expedited procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. [●]] (the "***Procedures Order***") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "***Assumption Notice***"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "***Assumption Date***") set forth in **Schedule 2**.

**PLEASE TAKE FURTHER NOTICE** that, the [Debtor/Assignee], has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract, thereby demonstrating that the Debtor or Assignee has the ability to comply with the requirements of adequate assurance of future performance.[3]

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written

---

[1]    Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' claims and noticing agent at www.veritaglobal.net/enviva.  The location of the Debtors' corporate headquarters is:  7272 Wisconsin Avenue, Suite 1800, Bethesda, MD 20814.

[2]    Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion.

[3]    The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

objection so that such objection is filed with the Court and is *actually received* no later than 14 days after the date that the Debtors served this Notice by the following parties: (a) the Debtors, Enviva Inc., 7272 Wisconsin Avenue, Suite 1800, Bethesda, Maryland 20814, Attn: Jason E. Paral (jason.paral@envivabiomass.com); (b) counsel to the Debtors, Kutak Rock LLP, 1021 East Cary Street, Suite 810, Richmond, Virginia 23219, Attn: Peter J. Barrett (peter.barrett@kutakrock.com), Jeremy S. Williams (jeremy.williams@kutakrock.com), and Adolyn C. Wyatt (adolyn.wyatt@kutakrock.com); (c) co-counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Damian S. Schaible (damian.schaible@davispolk.com), David Schiff (david.schiff@davispolk.com), and Hailey W. Klabo (hailey.klabo@davispolk.com), and McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes (dhayes@mcguirewoods.com), K. Elizabeth Sieg (bsieg@mcguirewoods.com), and Connor W. Symons (csymons@mcguirewoods.com); (d) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006, Attn: Scott L. Alberino (salberino@akingump.com) and Alexander F. Antypas (aantypas@akingump.com) and One Bryant Park, New York, NY 10036, Attn: Jason P. Rubin (jrubin@akingump.com); and (e) the Office of the United States Trustee for the Eastern District of Virginia, 200 Granby Street, Room 625, Norfolk, Virginia, 23510 Attn: Nicholas S. Herron (nicholas.s.herron@usdoj.gov) and Kenneth N. Whitehurst (kenneth.n.whitehurst@usdoj.gov). Only those responses that are timely filed, served, and received will be considered at the hearing.

    **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on (a) the Assumption Date set forth in **<u>Schedule 2</u>**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract agree, or (c) such other date as the Court may order.[4]

    **PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract(s) is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than 14 days' notice to the applicable Contract counterparty to consider the objection for such Contract(s). If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of (a) the Assumption Date set forth in **<u>Schedule 2</u>**, (b) such other date as the Debtors and the counterparty or counterparties to such Contract agree, or (c) such other date as the Court may order.

---

[4]   An objection to the assumption of any particular Contract listed in this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in this Assumption Notice. Any objection to the assumption of any particular Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

Richmond, Virginia
Dated:  June 27, 2024

/s/  *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Adolyn C. Wyatt (VA 97746)
**KUTAK ROCK LLP**
1021 East Cary Street, Suite 810
Richmond, Virginia 23219-0200
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Counsel to the Debtors and Debtors in
Possession*

## <u>Schedule 1</u>

**Procedures Order**

## Schedule 2

**Assumed Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## Schedule 2

## Assumed Contracts

| Counterparty | Debtor Counterparty | Contract to be Assumed | Description of Material Amendments[1] | Cure Amount[2] | Assumption Date |
|---|---|---|---|---|---|
| Lynemouth Power Limited ("Lynemouth") | Enviva, LP | CIF Contract for the Purchase of Wood Pellet Biomass dated as of May 31, 2016 (the "Original Agreement"), as amended from time to time including pursuant to that certain Deed of Amendment and Restatement dated as of August 16, 2024 (the "Deed"), and the Amended and Restated CIF Contract for the Purchase of Wood Pellet Biomass | The amendment and restatement, as set forth in, and conditioned upon the terms of, the Deed, provides for, among other things, (a) the continued shipment and delivery of biomass from Enviva, LP to Lynemouth through the Agreement's term, with certain adjustments made to both the annual quantity of biomass to be delivered by Enviva, LP and the shipping/delivery plan utilized; (b) the introduction of a performance bonus in favor of Enviva, LP and a discount, which bonus/discount shall be assessed by the parties biannually; (c) an agreement among the parties to use good faith and reasonable endeavors to agree to an annual shipping plan by a certain date each year of the Agreement's term; (d) an agreed base price for the purchase/sale of biomass, which shall escalate annually pursuant to the terms of the Agreement; (e) extension of the term of the existing Agreement, subject to certain conditions; and (f) the mutual release of existing claims by and among the | $0.00 | The Applicable Assumption Date[3] |

---

[1]    The amendment listed herein (the "Amendment") was entered into as part of the Debtors' "raise the bridge" process pursuant to which the Debtors have sought to renegotiate mutually agreeable terms to existing customer Contracts, as described in the Motion. The effectiveness of the Amendment is conditioned upon the Debtors obtaining authorization from the Court to assume the applicable Contract (as amended by such Amendment). The Debtors accordingly hereby seek to assume the applicable Contract, as amended by the applicable Amendment, in accordance with the Procedures Order.

[2]    The Cure Amount does not include any claim, right, action or demand that arises in the ordinary course of business or in the ordinary daily operational performance of the Original Agreement, from August 16, 2024, until the Effective Date (as defined in the Deed).

[3]    The "Applicable Assumption Date" means, as applicable, either (a) fourteen (14) days following the filing and service of this Notice if no objection is timely filed to the proposed assumption in accordance with the Procedures Order, or if any such objection is withdrawn or consensually resolved within such time, or (b) such later date on which an objection is withdrawn, consensually resolved, or overruled by the Court if an objection is timely filed in accordance with the Procedures Order.

| Counterparty | Debtor Counterparty | Contract to be Assumed | Description of Material Amendments[1] | Cure Amount[2] | Assumption Date |
|---|---|---|---|---|---|
| | | annexed thereto (the "Agreement") | parties, except for certain limited carveouts as set forth in the Deed. | | |

7